Thomas S. Waldo
Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Ph: 907-586-2751
Fax: 907-463-5891
Email: twaldo@earthjustice.org

Nathaniel S.W. Lawrence
NATURAL RESOURCES DEFENSE COUNCIL
3723 Holiday Drive, SE
Olympia, WA 98501
Ph: 360-534-9900
Fax: 360-534-9909
Email: nlawrence@nrdc.org

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

ORGANIZED VILLAGE OF KAKE, SOUTHEAST ALASKA CONSERVATION COUNCIL, NATURAL RESOURCES DEFENSE COUNCIL, SIERRA CLUB, THE WILDERNESS SOCIETY, and CENTER FOR BIOLOGICAL DIVERSITY,

Plaintiffs,

v.

UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE; MARK REY, in his official capacity as Under Secretary of Agriculture; DENNIS E. BSCHOR, in his official capacity as Alaska Regional Forester; and FORREST COLE, in his official capacity as Forest Supervisor for the Tongass National Forest,

Defendants.

Case No. J04-0029 CV (JKS)

**MOTION TO STRIKE EXTRA-RECORD DECLARATION OF OWEN GRAHAM AND OPPOSITION BRIEF OF INTERVENOR-DEFENDANT ALASKA FOREST ASSOCIATION AND FOR EXTENSION OF TIME**

Plaintiffs hereby move to strike the Opposition Brief of Intervenor-Defendant Alaska Forest Association (Counts V and IX) ("AFA Brief") and the Declaration of Owen Graham in Support of Intervenor-Defendant's Opposition to Plaintiffs' Opening Brief ("Graham Declaration") (filed together at Docket No. 53). The AFA Brief relies almost exclusively on the Graham Declaration, and the Graham Declaration is not part of the administrative record and is not admissible under any exception to the general rule that judicial review of an agency action is limited to the existing record. Plaintiffs also move for an extension of time to file a consolidated reply brief on the merits of the legal claim, until the status of AFA's brief is resolved.

## INTRODUCTION

In this case, Plaintiffs raise challenges to the Threemile Timber Harvest Final Environmental Impact Statement (FEIS) under the Alaska National Interest Lands Conservation Act (ANILCA), the Administrative Procedures Act (APA), and the National Environmental Policy Act (NEPA). On November 23, 2005, Plaintiffs filed their opening brief arguing that the Threemile FEIS is misleading, because it relied on outdated forecasts now known to be inaccurate (the 1997 Brooks and Haynes projections) in claiming that this sale is necessary to meet market demand for timber on the Tongass. Pls.' Opening Br. at 11-20 (Docket No. 48). This inaccurate analysis, together with the Tongass Forest Plan that was declared inadequate in *Natural Resources Defense Council v. United States Forest Service*, 421 F.3d 797 (9th Cir. 2005), form the basis of the Forest Service's decision that the significant restriction to subsistence deer hunting that this sale will cause is "necessary" within the meaning of ANILCA. Pls.' Opening Br. at 20-26.

Plaintiffs' brief points out, on the basis of documentation in the administrative record, that several important assumptions underlying the 1997 Brooks and Haynes projections have been undermined, making the projections outdated and inaccurate. Pls.' Opening Br. at 16-20. The Forest Service has continued to rely on these projections and, as a result, has consistently offered sales that receive no bids, has had to cancel contracts, and has spent time and money preparing unnecessary timber sales. Pls.' Opening Br. at 6-8, 14-16. Plaintiffs did not rely on evidence outside the administrative record, except declarations required to establish standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (holding plaintiffs required to establish standing by affidavit or other evidence at summary judgment phase).

The Forest Service submitted its Opposition Brief of Federal Defendants (Counts V and IX) on January 20, 2006 (Docket No. 50). Relying on documentation in the administrative record, the Forest Service defends its choice to rely on the Brooks and Haynes projections in the FEIS without disclosing the known information that undermines that projections.

On February 10, 2006, Alaska Forest Association submitted its opposition brief (Docket No. 53), which relies almost exclusively on the Graham Declaration. The AFA Brief offers no argument to justify inclusion of this extra-record declaration, and in fact, does not even acknowledge that the Graham Declaration is not a part of the administrative record. Relying on this declaration, AFA argues that market demand is actually higher than estimated by the Forest Service. AFA Br. at 11. The Graham Declaration purports to explain complex and technical issues relevant to the case, Graham Decl. at 2, ¶ 1, but it instead merely provides an alternative opinion of current market demand. It also relies extensively on additional material that is not

part of the administrative record.[1] Because the Graham Declaration is not part of the administrative record and because AFA cannot meet its burden of demonstrating that the declaration should be admitted, Plaintiffs request that the Court strike the declaration in its entirety. Furthermore, because the AFA Brief relies almost exclusively on the Graham declaration, Plaintiffs request that the Court strike the AFA Brief.

ARGUMENT

I. THE COURT SHOULD STRIKE THE GRAHAM DECLARATION, BECAUSE IT IS NOT PART OF THE ADMINISTRATIVE RECORD AND AFA HAS NOT CARRIED ITS BURDEN TO JUSTIFY CONSIDERATION OF THIS EXTRA-RECORD EVIDENCE.

Generally, "judicial review of agency action is limited to a review of the administrative record." *Friends of the Earth v. Hintz*, 800 F.2d 822, 828 (9th Cir. 1986). Indeed, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Thus, "*post hoc* rationalizations," in materials prepared for litigation, "have traditionally been found to be an inadequate basis for review." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419 (1971). This limitation on the scope of courts' review of agency actions applies to challenges under NEPA, *Hintz*, 800 F.2d at 829, as well as to challenges under § 810 of ANILCA. *Kunaknana v. Clark*, 742 F.2d 1145, 1149, 1152 (9th Cir. 1984). Accordingly, extra-record documents, like the Graham Declaration, which were prepared in response to litigation

---

[1] Nearly every page of the declaration relies on sources not in the record or makes assertions with no attribution that appear to be hearsay. *See*, *e.g.*, Graham Decl. at 2-4, ¶¶ 2-3 (relying on Int. Def. Exh. 1, a 2006 summary of timber under contract); *id.* at 6, ¶¶ 6-7 (asserting future plans of various timber mills); *id.* at 10 n.4, ¶ 10 (relying on statements from Forest Service employees).

and were not before the agency when it made its decision, generally should not be considered in determining the sufficiency of an EIS or the adequacy of an agency's findings under ANILCA.

Courts, however, have recognized "certain exceptions to this general rule." *Love v. Thomas*, 858 F.2d 1347, 1356 (9th Cir. 1988); *see also Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988), *modified on other grounds*, 867 F.2d 1244 (9th Cir. 1989); *Northcoast Envtl. Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir. 1998). The party seeking to supplement the record must show that one of these exceptions applies. *See Sierra Club v. Dombeck*, 161 F. Supp. 2d 1052, 1063 (D. Ariz. 2001); *Nat'l Audubon Soc'y v. Butler*, 160 F. Supp. 2d 1180, 1186 (W.D. Wash. 2001); *see also Animal Def. Council*, 840 F.2d at 1438 (refusing to allow supplementation where the proponent "has not demonstrated that it falls within any of the exceptions"). AFA does not even attempt to carry this burden in its brief, and, accordingly, the Court should not consider the Graham Declaration.

The Graham Declaration itself suggests that its purpose "is to provide the Court with additional information and explanation of some of the more complex and technical matters at issue in this case." Graham Decl. at 2, ¶ 1. The courts have recognized an exception when extra-record evidence is necessary to explain technical terms or complex subject matter, but the Graham Declaration does not meet the requirements of this exception. *See Inland Empire Pub. Lands Council v. Glickman*, 88 F.3d 697, 704 (9th Cir. 1996) (upholding district court's refusal to consider extra-record expert declarations regarding grizzly bear survival).

Evidence is properly considered under this exception only when it does not introduce new material, but instead explains technical material already in the record. *Cascadia Wildlands Project v. U.S. Forest Serv.*, 386 F. Supp. 2d 1149, 1158 (D. Or. 2005) (considering a declaration that "explains certain technical aspects of [a Forest Service] database and its use," where the

declaration helped the court to understand the process through which the Forest Service developed a fire salvage project, but did not attempt to address or justify conclusions of that project). This exception is narrowly applied and is intended to facilitate judicial review only when additional information is necessary to explain the record or to help the court determine whether the agency considered all relevant factors. *Hoefler v. Babbit*, 952 F. Supp. 1448, 1456 (D. Or. 1996). It is not intended to create an avenue for parties to introduce additional evidence that contradicts or confuses the existing record. "'[T]echnical testimony … elicited for the purpose of determining the scientific merit of the [agency's] decision,' is not generally admissible." *Kunaknana*, 742 F.2d at 1152 (quoting *Asarco, Inc. v. U.S. EPA*, 616 F.2d 1153, 1161 (9th Cir. 1980)); *cf. Havasupai Tribe v. Robertson*, 943 F.2d 32, 34 (9th Cir. 1991) (refusing to consider evidence that plaintiff could have submitted, but did not submit, during agency proceedings).

The Graham Declaration does not clarify any complex or technical issues involved in this case. AFA has not identified the technical terms or complex subject matter that require explanation, and none exist. In fact, the declaration never even cites to the disputed provisions of the FEIS and ROD that supposedly require clarification. Neither Plaintiffs nor the Forest Service have required experts to explain the issues in this case.

Rather than explaining technical terms or complex matters, the declaration merely provides a *post hoc*, alternative opinion of market demand, an impermissible use of extra-record evidence. *See, e.g.*, *Kunaknana*, 742 F.2d at 1152. If AFA is permitted to rely on the Graham Declaration in its attempt to establish the level of market demand, Plaintiffs will need to offer their own expert testimony to determine market demand. Such a "battle of the experts" is not the proper focus for judicial review of an agency action. *See Asarco*, 616 F.2d at 1161 (cautioning

that considering extensive extra-record expert testimony may lead the court to impermissibly substitute its own judgment for that of the agency); *Border Power Plant Working Group v. Dep't of Energy*, 260 F. Supp. 2d 997, 1012 (S.D. Cal. 2003) ("the Court will not consider the [scientific expert] declarations to the extent they seek to simply advocate a better or different methodology . . . .").

AFA has not even attempted to provide any justification for offering the Graham Declaration in support of its brief, and the declaration does not fall within any of the exceptions to the general rule that the court must confine its review to the existing administrative record. Because AFA cannot meet its burden to show that an exception applies, the Court should strike the declaration.

## II. THE COURT SHOULD STRIKE THE AFA BRIEF, BECAUSE IT RELIES EXTENSIVELY ON THE GRAHAM DECLARATION TO PROVIDE A POST-HOC JUSTIFICATION FOR THE FOREST SERVICE'S DECISION.

The AFA Brief relies almost exclusively on the Graham Declaration in support of its argument. Citing the Graham Declaration twenty-three times in its twelve pages, the AFA Brief concludes that the Forest Service has actually underestimated market demand. AFA Br. at 11. For every major proposition, AFA cites to the Graham Declaration. It parrots the arguments in the Graham Declaration, with little additional analysis. Because it is not possible to separate the Graham Declaration from the AFA Brief, the Court should strike the AFA Brief as well as the Graham Declaration.

Although, ordinarily, the Court might permit the party relying on extra-record evidence an opportunity to submit a corrected brief that does not rely on the impermissible evidence, the Court should simply strike the brief and the declaration in this case. The AFA Brief relies so

extensively on the Graham Declaration that it is not possible to excise the portions that rely on extra-record evidence and submit a corrected brief. Instead, AFA would have to submit an entirely new and different brief. In addition, AFA makes no attempt to carry its burden of demonstrating why the Court should consider the Graham Declaration, and in fact, never even acknowledges that it is relying on extra-record evidence. These omissions are so significant that the Court should strike both the Graham Declaration and the AFA Brief without allowing AFA an opportunity to submit an additional brief.

## III. THE COURT SHOULD GRANT AN EXTENSION OF TIME FOR PLAINTIFFS TO FILE A REPLY BRIEF.

Plaintiffs request that their Reply Brief to the Opposition Brief of Federal Defendants be due fourteen days after the Court issues its order on this motion. The briefing schedule provides for a consolidated reply to both the Federal Defendants and the Intervenor-Defendants to avoid redundancy. Order Modifying Briefing Schedule (Jan. 27, 2006) (Docket No. 52). The consolidated reply is currently due March 10, 2006. *Id.* Plaintiffs request this additional time so that they can respond efficiently and appropriately, without unnecessary repetition, either to the Federal Defendants' brief alone or to both opposing briefs, depending on the Court's ruling. In the event that the Court permits AFA to submit a new brief confined to the administrative record, Plaintiffs request that Plaintiffs' consolidated reply brief be due fourteen days after AFA submits the new brief.

CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike both the Graham Declaration and the AFA Brief, and grant Plaintiffs additional time to file their consolidated reply brief on the merits.

Respectfully submitted this 7th day of March, 2006,

/s/ Thomas S. Waldo

Thomas S. Waldo (ABA# 9007047)
Eric P. Jorgensen (ABA# 8904010)
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
Ph: 907-586-2751
Fax: 907-463-5891
Email: twaldo@earthjustice.org

Nathaniel S.W. Lawrence
NATURAL RESOURCES DEFENSE COUNCIL
3723 Holiday Drive, SE
Olympia, WA 98501
Ph: 360-534-9900
Fax: 360-534-9909
Email: nlawrence@nrdc.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Tom Waldo, certify that on March 7, 2006, a true and correct copy of the MOTION TO STRIKE EXTRA-RECORD DECLARATION OF OWEN GRAHAM AND OPPOSITION BRIEF OF INTERVENOR-DEFENDANT ALASKA FOREST ASSOCIATION AND FOR EXTENSION OF TIME , with accompanying documents, was served electronically to Bruce Landon, Steve Silver, and Amy Gurton Mead. A courtesy copy was served by email to Tim Obst, USDA Office of General Council.

/s/ Thomas S. Waldo

Thomas S. Waldo