ORIGINAL
FILED
JUL 01 2002
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

```
 1                UNITED STATES DISTRICT COURT

 2               FOR THE DISTRICT OF ALASKA

 3  SIERRA CLUB; WILDERNESS      )   Case J00-0009-CV (JKS)
    SOCIETY; ALASKA CENTER FOR   )
 4  ENVIRONMENT; and SITKA       )
    CONSERVATION SOCIETY,        )
 5                               )
                Plaintiffs,      )   Anchorage, Alaska
 6                               )   Tuesday, June 11, 2002
        vs.                      )   9:22 o'clock a.m.
 7                               )
    MARK E. REY; and U.S. FOREST )
 8  SERVICE,                     )
                                 )
 9              Defendants.      )
    _____)
10  ALASKA FOREST ASSOCIATION;   )
    CITY OF COFFMAN              )
11  COVE; METLAKATLA INDIAN      )
    COMMUNITY; CONCERNED ALASKANS)
12  FOR RESOURCES AND            )
    ENVIRONMENT; KETCHIKAN       )
13  GATEWAY BOROUGH; CITY OF     )
    WRANGELL; CITY OF CRAIG;     )
14  SOUTHEAST CONFERENCE; JOHN   )
    DONLEY; and DOUG ROBERTS,    )
15                               )
                Intervener       )
16              Defendants.      )   HEARING RE: PLAINTIFF'S
    _____)   MOTION FOR CLARIFICATION
17

18              TRANSCRIPT OF PROCEEDINGS

19        BEFORE THE HONORABLE JAMES K. SINGLETON
20              UNITED STATES DISTRICT JUDGE

21

22  APPEARANCES:

23  For Plaintiffs Sierra    DEIRDRE McDONNELL
    Club, Wilderness         ERIC JORGENSON
24  Society, Alaska Center   Earthjustice Legal Defense Fund
    for the Environment,     325 4th Street
25  and Sitka Conservation   Juneau, Alaska  99801
    Society:                 (907) 586-2751
```

```
 1  APPEARANCES (Continued):

 2  For Defendants Mark E.      BRUCE M. LANDON
    Rey and U.S. Forest         U.S. Department of Justice
 3  Service:                    801 B Street, Suite 504
                                Anchorage, Alaska   99501-3657
 4                              (907) 271-5452

 5                              JIM USTASIEWSKI
                                Department of Agriculture
 6
    For Intervener              JAMES F. CLARK
 7  Defendants Alaska           Robertson, Monagle & Eastaugh, PC
    Forest Association,         P.O. Box 21211
 8  City of Coffman Cove,       Juneau, Alaska   99802
    Metlakatla Indian           (907) 586-3340
 9  Community, and Concerned
    Alaskans for Resources
10  and Environment:
       (Telephonically)
11
    For Intervener              SCOTT A. BRANDT-ERICHSEN
12  Defendant Ketchikan         344 Front Street
    Gateway Borough:            Ketchikan, Alaska   99901
13     (Telephonically)         (907) 228-6634

14  For Intervener              MITCHELL A. SEAVER
    Defendants City of          Ziegler Law Firm
15  Wrangell, City of Craig,    307 Bawden Street
    Southeast Conference,       Ketchikan, Alaska   99901
16  John Donley, and Doug       (907) 225-9401
    Roberts:
17     (Telephonically)

18  Court Recorder:             ELISA SINGLETON
                                U.S. District Court
19                              222 West 7th Avenue, #4, Room 229
                                Anchorage, Alaska   99513-7564
20                              (907) 677-6105

21  Transcription Service:      A & T Transcripts
                                2517 Shady Ridge Drive
22                              Bedford, Texas   76021
                                (817) 685-7556
23
    Proceedings recorded by electronic sound recording; transcript
24  produced by transcription service.

25
```

57

1  merely suspended.  This was what should we do after the
2  decision has already been made.  The Court there couldn't
3  unmake the decision.  Mr. Landon has not pointed to any case
4  where a court has allowed an agency to go ahead and continue
5  making new decisions affecting the subject matter that was
6  subject to a court-ordered NEPA process.
7        And briefly, the last point I'd like to address is Mr.
8  Clark's point on the appropriation process.  The -- there was
9  some testimony at trial about it, but it was very little, and
10 all Mr. Cole had to say at trial was that:  We often need to
11 explain to Congress or to the delegation what we've
12 accomplished.  It doesn't say our -- you know, they have some
13 formula based on how many records of decisions you published,
14 how much money you get.  It just says they have to explain.  I
15 don't see here how the Forest Service will be unable to explain
16 what it's been accomplishing where it can complete the
17 environmental impact statements but just has to wait for a
18 matter of months to issue the actual decisions.
19        I have nothing further.  Thank you.
20        THE COURT:  Very well.  Well, at the outset, I would
21 like to congratulate counsel.  I think you've done an excellent
22 job on relatively short notice in presenting your respective
23 positions.  I think that much of this process is subject to
24 factors beyond this Court's control.  Nonetheless, I am -- I
25 have been concerned and I continue to be concerned that the

1  process leading to the revision of the forest management plan
2  did not give sufficient consideration -- in fact, did not give
3  any consideration to the appropriateness of additional
4  wilderness designations within the Tongass. And therefore the
5  Court felt that the -- to that extent, a supplemental
6  environmental impact statement would have to be prepared that
7  would fairly and objectively and openly address the wilderness
8  potential of other areas within the Tongass, and particularly
9  within the currently roadless areas within the Tongass. And
10 the purpose of entering an injunction was to maintain the
11 status quo so that that could go forward.
12        Now, in balancing the hardships, the Court did make
13 provision for any area that currently was within 1,200 feet of
14 a -- an existing road. The Court did make exception for the
15 Swan Lake electric intertie project, and the Court did make
16 provision for any site-specific timber project environmental
17 impact statements for which the notice of availability was
18 published in the Federal Register prior to April 13th, 1999.
19        In all other respects, it was the intention of the
20 Court, though perhaps not adequately articulated in attempting
21 to borrow language from the proffered forms, that the process
22 as to other potential timber sales should be halted. And that
23 would, as plaintiffs suggest, cover the issuance of records of
24 decisions.
25        Again, any injunction that this Court issues is issued

1  at this time and in light of the record currently existing.
2  Whether in this case or in some other case more directly
3  addressing the final supplemental environmental impact
4  statement when it is issued, as currently anticipated,
5  somewhere in November or December of this year, the Court would
6  be in a position to reevaluate this matter. And certainly if
7  the current draft supplemental environmental impact statement
8  is continued as the final without significant modifications,
9  that would certainly significantly influence the Court.
10         But for the time being, the Court agrees with
11 plaintiffs that no further records of decision should be
12 issued, and certainly no laying out of timber sales, marking
13 boundaries of units with tape, appraisal of timber sales or
14 preparation of contract language should go forward until the
15 final supplemental environmental impact statement is issued.
16         So that will be the decision of the Court. And of
17 course, if the process of getting the final supplemental
18 environmental impact statement would be rapidly resolved, that
19 would of course lead to the end of this injunction, again
20 without prejudice to further applications more specifically
21 addressing the final supplemental environmental impact
22 statement itself.
23         Court will stand in recess.
24         THE CLERK: All rise. This matter is now adjourned.
25 This court stands in recess until --