**FILED**

UNITED STATES COURT OF APPEALS

**OCT 1 8 2004**

FOR THE NINTH CIRCUIT

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> UNITED STATES FOREST SERVICE; et al., <br><br> Defendants - Appellees, <br><br> STATE OF ALASKA; et al., <br><br> Defendant-Intervenors - Appellees. | No. 04-35868 <br><br> D.C. No. CV-03-00029-J-JKS <br> District of Alaska, Juneau <br><br> ORDER |

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges:

We GRANT the emergency motion of appellants National Resources Defense Council (NRDC), et. al., for an injunction pending appeal, enjoining the "Orion North" timber sale pending further order of this court. We also expedite the appeal in accord with the terms below.

It is not disputed that the Forest Service in its 1997 Record of Decision (ROD) amending the Tongass Land Management Plan (TLMP) made an error in interpreting an important report prepared by the agency's economists concerning

Exhibit 24, page 1 of 5

market demand for timber during the tenure of the plan. The mistake doubled the economists' estimate of demand. The Forest Service has contended that this mistake was harmless error and does not affect the Orion North Timber Sale at issue at this case. The NRDC has contended that the mistake was integral to market demand calculations that affected the plan's balance of selling logs for the timber industry and preserving old-growth forests and other considerations pertinent under the National Forest Management Act (NFMA) and the TLMP. In assessing the standards for granting an injunction pending appeal, we must assess both the likelihood of success on the merits and the balance of hardships between the parties. Our standard, embracing interrelated legal tests that form a "continuum," has been set forth in the Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). If NRDC shows a probability of success on the merits, it must also show the possibility of irreparable injury. If it shows only "serious legal questions," then it must show that the balance of hardships tips sharply in its favor. Under either standard, we conclude that NRDC is entitled to injunction pending appeal.

NRDC has shown a likelihood of success on the merits. It appears that the assessment of demand was required under governing law, and that the miscalculation of demand was integral to the Forest Service's planning. Had the

2

Forest Service thought demand was only one-half of what it assumed, it might have planned to satisfy timber industry needs by sale of timber on property less environmentally sensitive than that at issue here. Also, we have previously indicated that the scope of relief for "harmless error" in the environmental context, where we review agency decision-making, is limited. See Gifford Pinchot v. FWS, 378 F.2d 1059, 1072 (9th Cir. 2004). The planned timber sale here will cause irreparable injury in the sense that old-growth forests will be gone.

Even if the arguments of the Forest Service are shown to have more merit after full briefing and a more detailed review, there are at least "serious legal questions" presented, and we conclude the balance of hardships tips in favor of the plaintiffs. In this respect, we are not unmindful that a mill owner has raised the risk by affidavit that an injunction pending appeal will require the closing of his mill, at least temporarily. However, the plaintiffs are not required to abandon their rights on that account. We may hope that the mill owner will be able to gain enough timber from other sources to continue operations while this expedited appeal is decided, but we cannot say that the balance of hardships here favors the immediate development of a road to the challenged property and the commencement of logging. To the contrary, the road-building activities will cause

an immediate and irreparable change to the part of the now-roadless old-growth forest that would be affected by the challenged timber sale.

The motion to expedite the briefing and hearing of this appeal is granted.

Because there were no hearings in the district court, the clerk of that court shall forward the certificate of record immediately. *See* 9th Cir. R. 11-2.

The opening brief and excerpts of record are due November 17, 2004; the answering brief is due December 17, 2004; and the optional reply brief is due December 27, 2004. The provisions of Ninth Circuit Rule 31-2.2(a) shall not apply to this briefing schedule.

The Clerk shall place this case on the February, 2005 calendar in Seattle, Washington.

KLEINFELD, J., dissenting:

I respectfully dissent.

All that is before us is an injunction pending appeal of a tiny percentage of the logging. Even if the demand projection was erroneous, that error would have no effect on this particular small sale. There is plenty of time to consider the plan as a whole on appeal without enjoining this sale. The hardship to the appellants is a sale of a minuscule fraction of the Tongass plan, and it is a fraction that likely

would be subject to logging even with a lower demand projection. The hardship to the mill employees who will be thrown out of work, and the mill owner, strikes me as much greater. In view of the careful and thorough consideration of all appropriate factors by the district court, including the balance of hardships, and its careful consideration of the likelihood of success on the merits, and, most important, our very limited scope of review, I would deny the injunction pending appeal.