BRUCE M. LANDON
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
(907) 271-5452
FAX (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Federal Defendants

RECEIVED

JAN 1 2 2005

EARTHJUSTICE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORGANIZED VILLAGE OF KAKE, SOUTHEAST ALASKA CONSERVATION COUNCIL, NATURAL RESOURCES DEFENSE COUNCIL, SIERRA CLUB, THE WILDERNESS SOCIETY, and CENTER FOR BIOLOGICAL DIVERSITY, | ) ) ) ) ) ) Case No. J04-0029-CV (RRB) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE; MARK REY, in his official capacity as Under Secretary of Agriculture; DENNIS E. BSCHOR, in his official capacty as Alaska Regional Forester; and FORREST COLE, in his official capacity as Forest Supervisor for Tongass National Forest, | ) ) ) ) ) ) ) ) |
| Defendant. | ) ) ) |

ANSWER

Using the same numbering of paragraphs and sentences, federal defendants

1

answer the complaint as follows:

1. This paragraph is a characterization of plaintiffs' case and requires no answer.

2. Federal defendants admit the allegations in the second, third and fourth sentences. With regard to the first sentence, federal defendants admit that the forest plan allocates 3.6 million acres of the Tongass to land use designations that allow logging and road building of which approximately 2.5 million acres are currently undeveloped and roadless, but clarify that of that 3.6 million acres, only 676,000 are suitable and scheduled for timber production, of which approximately 300,000 acres are currently undeveloped and roadless. With regard to the fifth sentence, Federal defendants admit the signing of the ROD and release to the public of the FEIS, but deny that these acts took place on the days stated in this sentence.

3. Federal defendants admit the allegations in the first, second, third and fourth sentences, and deny the allegations in the fifth and sixth sentences.

4. Deny.

5. The first two sentences purport to paraphrase the contents of a document which is the best evidence of its contents. Federal defendants deny the allegations in the third sentence.

6. Federal defendants have insufficient knowledge or belief to answer the allegations in the first sentence. The second paragraph is plaintiffs' characterization of their case and requires no answer.

7. This paragraph consists of conclusions of law not requiring an answer.

8. This paragraph consists of conclusions of law not requiring an answer.

9. Federal defendants admit the allegations of the first sentence and have insufficient knowledge or belief to answer the remaining allegations in this paragraph.

2

10. Federal defendants have insufficient knowledge or belief to answer the allegations in this paragraph.

11. Federal defendants have insufficient knowledge or belief to answer the allegations in this paragraph.

12. Federal defendants have insufficient knowledge or belief to answer the allegations in this paragraph.

13. Federal defendants have insufficient knowledge or belief to answer the allegations in this paragraph.

14. Federal defendants have insufficient knowledge or belief to answer the allegations in this paragraph.

15. Federal defendants admit the allegations of this paragraph as to some of the plaintiffs, but deny that all of the plaintiffs have acted as alleged in the paragraph. Federal defendants deny that any of the plaintiffs have satisfied the requirements of issue exhaustion as to some or all of the claims in this action.

16. Federal defendants have insufficient knowledge or belief to answer the allegations in this paragraph.

17. Federal defendants have insufficient knowledge or belief to answer the allegations in this paragraph.

18. Federal defendants admit that the project area is within the territorial division of the Kakekwann and otherwise have insufficient knowledge or belief to answer the allegations in this paragraph.

19. Federal defendants admit the first sentence and have insufficient knowledge or belief

3

to answer the allegations in the second sentence, and deny the allegations in the remainder of this paragraph.

20. Admit.

21. Admit

22. Admit

23. Admit

24. Admit

25. Federal defendants admit that the Tongass in Southeast Alaska is the country's largest national forest, and deny the remaining allegations in this paragraph.

26. The first sentence consists of conclusions of law not requiring an answer. Federal defendants admit the remaining allegations in this paragraph.

27. This paragraph purports to paraphrase a document which is the best evidence of its contents.

28. Admit.

29. Federal defendants admit the allegations of the first sentence except the characterization of the 1999 ROD as the "final" Record of Decision. The remaining allegations in the paragraph purport to paraphrase documents which are the best evidence of their contents.

30. Federal defendants admit the allegations of the first, third and fourth sentences. The second sentence purports to paraphrase a document, which is the best evidence of its contents. .

31. Federal defendants admit the allegations in this paragraph, with the qualification that the Three-Mile ROD was signed on April 23, 2004.

32. Deny

4

33. Federal defendants admit the allegations of the first sentence, except the allegation that the group was assembled "responding to congressional direction." A congressional committee did suggest the need for a peer review, but federal defendants know of no such direction from Congress as a whole. Federal defendants deny the allegations in the second, third and fourth sentences.

34. Deny

35. Federal defendants admit that Congress adopted modifications to the long-term contracts to regulate harvest of volume class six and seven as set forth in section 301 of the Tongass Timber Reform Act and otherwise deny the allegations of this paragraph.

36. Federal defendants admit the allegations in the first sentence and deny the allegations in the second sentence.

37. This paragraph seeks to paraphrase a document which is the best evidence of its contents.

38. Federal defendants admit that some public comments requested an alternative that had as a component a prohibition on building roads in unroaded watersheds and that other public comments requested an alternative that had a component that would have placed the three largest old growth "patches" in reserves. Federal defendants admit that the proponents of those alternatives assumed that those alternatives would permit some level of timber harvest on the Tongass. Federal defendants otherwise deny the allegations in this paragraph.

39. Federal defendants admit the allegations in the first sentence. The allegations in the second sentence paraphrase a document which is the best evidence of its contents.

40. Federal defendants admit the allegations in the first sentence and deny the allegations

5

in the second sentence.

41. The first sentence purports to paraphrase a document which is the best evidence of its contents. Federal defendants admit the allegations in the second sentence.

42. Deny.

43. This paragraph purports to paraphrase a document which is the best evidence of its contents.

44. This paragraph purports to paraphrase a document which is the best evidence of its contents.

45. Federal defendants deny the allegations in the first and second sentences. The third sentence purports to paraphrase documents which are the best evidence of their contents.

46. Deny

47. This paragraph purports to paraphrase documents which are the best evidence of its contents.

48. Deny

49. Deny

50. Federal defendants admit that the Regional Forester considered the Brooks and Haynes draft report when making his decision adopting the 1997 Plan and otherwise deny the allegations of this paragraph.

51. This paragraph purports to paraphrase a document which is the best evidence of its contents.

52. This paragraph purports to paraphrase a document which is the best evidence of its contents.

6

53. Deny

54. This paragraph purports to paraphrase a document which is the best evidence of its contents.

55. Deny

56. Deny

57. Deny

58. Federal defendants admit the allegations in the first sentence and deny the allegations in the remaining sentences..

59. Federal defendants admit the allegations in the first sentence. With regard to the second sentence, federal defendants admit that one of the purposes of the agreement was the resolution of certain legal claims. The allegations in the third, fourth and fifth sentences purport to paraphrase the agreement, which is the best evidence of its contents. Federal defendants admit the allegations in the final sentence.

60. Deny

61. Deny

62. Deny

63. This paragraph purports to paraphrase a document which is the best evidence of its contents.

64. Admit

65. Federal defendants admit the allegations of sentences 1-5 and deny the allegations in the final sentence.

66. Federal defendants deny the allegations in the first sentence and admit the allegations

7

in the remaining sentences.

    67. Deny

    68. Deny

    69. Deny

    70. This paragraph purports to paraphrase a document which is the best evidence of its

contents.

    71. Deny

    72. Federal defendants admit that there has been an increase in applications for export of

low grade round Sitka spruce and hemlock logs cut from the Tongass, and otherwise deny the

allegations of this paragraph.

    73. Admit except with regard to the "significance" of the public assistance.

    74. Admit except with regard to the allegations of "significance."

    75. Federal defendants admit the allegations, but affirmatively state that on December 10,

2003, the United States bankruptcy judge for the District of Alaska approved Silver Bay's

reorganization plan, and that the Ketchikan Gateway Borough as bought the Gateway veneer

plant.

    76. Admit

    77. Admit

    78. Admit

    79. Admit.

    80. Admit

    81. Admit

82. Admit

83. Admit

84. Federal defendants admit that Haynes and Brooks have not updated their projections, but deny that the Forest Service has not updated market demand projections.

85. This paragraph paraphrases the Forest Service media announcement which is the best evidence of its contents.

86. Federal defendants admit that 20 sales were available for cancellations, that 9 sales have been cancelled, that there are outstanding requests for cancellation of 8 sales, and otherwise deny the allegations of this paragraph.

87. Admit

88. Admit

89. This paragraph paraphrases the Forest Service 1999 monitoring report, which is the best evidence of its contents

90. This paragraph paraphrases the Forest Service 2000 monitoring report, which is the best evidence of its contents.

91. This paragraph paraphrases the Forest Service 2001 monitoring report, which is the best evidence of its contents.

92. This paragraph paraphrases the Forest Service 2002 monitoring report, which is the best evidence of its contents.

93. This paragraph paraphrases the Forest Service 2003 cut and sold report, which is the best evidence of its contents.

94. Deny

95. This paragraph paraphrases documents which are the best evidence of their contents.

96. The first sentence paraphrases a document, which is the best evidence of its contents. Federal defendants deny the remaining allegations of this paragraph.

97. This paragraph paraphrases documents which are the best evidence of their contents.

98. Deny

99. Deny

100. Federal defendants admit the allegations in the first sentence, with the qualification that the actual costs of a timber sale cannot be known until the completion of the sale. Federal defendants deny the allegations of the second sentence.

101. Admit.

102. Federal defendants admit the allegations of the first sentence. The remaining sentences paraphrase a document, which is the best evidence of its contents.

103. Federal defendants admit that the Department of Agriculture published the Roadless Rule in January 2001. The remaining allegations consist of conclusions of law not requiring a response.

104. This paragraph consists of conclusions of law not requiring a response.

105. The first sentence consists of conclusions of law not requiring a response. The second sentence paraphrases a document which is the best evidence of its contents.

106. Federal defendants admit that the Three-mile sale did not qualify for the exemption in the 2001 Roadless Rule as originallly adopted. The remaining allegations constitute conclusions of law not requiring an answer.

107. Admit

10

108. Federal defendants admit the allegations in the first sentence and deny the allegations in the second sentence. The final sentence paraphrases a document, which is the best evidence of its contents.

109. This paragraph paraphrases a document which is the best evidence of its contents.

110. Deny

111. This paragraph paraphrases a document which is the best evidence of its contents.

112. This paragraph paraphrases a document which is the best evidence of its contents.

113. Federal defendants repeat and incorporate their responses to paragraphs 1-112.

114. This paragraph consists of conclusions of law not requiring an answer.

115. This paragraph consists of conclusions of law not requiring an answer.

116. This paragraph consists of conclusions of law not requiring an answer.

117. This paragraph consists of conclusions of law not requiring an answer.

118. Deny.

119. Federal defendants repeat and incorporate their responses to paragraphs 1-118.

120. This paragraph consists of conclusions of law not requiring an answer.

121. This paragraph consists of conclusions of law not requiring an answer.

122. This paragraph consists of conclusions of law not requiring an answer.

123. This paragraph consists of conclusions of law not requiring an answer.

124. Deny

125. Deny

126. Deny

127. This paragraph consists of conclusions of law not requiring an answer.

11

128. Deny

129. Deny

130. Federal defendants repeat and incorporate their responses to paragraphs 1-129.

131. This paragraph consists of conclusions of law not requiring an answer.

132. This paragraph consists of conclusions of law not requiring an answer.

133. The first sentence constitutes a conclusion of law not requiring an answer. Federal defendants deny the allegations of the second sentence.

134. This paragraph purports to paraphrase a document which is the best evidence of its contents.

135. This paragraph consists of conclusions of law not requiring an answer.

136. Deny.

137. Federal defendants repeat and incorporate their responses to paragraphs 1-136.

138. This paragraph consists of conclusions of law not requiring an answer.

139. This paragraph consists of conclusions of law not requiring an answer.

140. Deny.

141. Federal defendants repeat and incorporate their responses to paragraphs 1-140.

142. This paragraph consists of conclusions of law not requiring an answer.

143. This paragraph consists of conclusions of law not requiring an answer.

144. Deny.

145. Deny.

146. Federal defendants repeat and incorporate their responses to paragraphs 1-145.

147. Deny

12

148. Federal defendants deny the allegations in the first, second and third sentences. The fourth sentence consists of conclusions of law not requiring an answer.

149. Deny.

150. Federal defendants repeat and incorporate their responses to paragraphs 1-149.

151. This paragraph purports to paraphrase a document and consists of conclusions of law not requiring an answer.

152. Deny

153. Deny

154. Deny

155. Deny

156. Deny

157. Federal defendants repeat and incorporate their responses to paragraphs 1-156.

158. This paragraph consists of conclusions of law not requiring an answer.

159. This paragraph consists of conclusions of law not requiring an answer.

160. This paragraph consists of conclusions of law not requiring an answer.

161. Deny

162. Deny

163. Deny

164. This paragraph consists of conclusions of law not requiring an answer.

165. Deny

166. Deny

167. Deny

13

168. Federal defendants repeat and incorporate their responses to paragraphs 1-167.

169. This paragraph consists of conclusions of law not requiring an answer.

170. This paragraph consists of conclusions of law not requiring an answer.

171. This paragraph purports to paraphrase a document which is the best evidence of its contents.

172. Deny

173. Deny

174. Deny

175. Deny

The remaining allegations constitute plaintiffs' prayer for relief and require no answer.

If any allegation as to which federal defendants state that no answer is required in fact requires an answer, federal defendants deny the allegation. All other allegations not answered above are denied.

14

DEFENSES

1. Plaintiffs lack standing.

2. The Court lacks subject matter jurisdiction over part or all of plaintiffs' claims.

3. Plaintiffs fail to state a cause of action on which relief may be granted.

4. Plaintiffs, or some of them, have failed to exhaust their administrative remedies in whole or in part.

WHEREFORE, federal defendants pray for judgment dismissing this action, plaintiffs to take nothing and federal defendants to be awarded their costs and such other relief as the court deems just.

RESPECTFULLY SUBMITTED this _9th_ day of January, 2005, at Anchorage, Alaska.

BRUCE M. LANDON

Attorney for Federal Defendants

15

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10ᵗʰ day of January, 2005, a copy of the foregoing was served by United States mail, first class, postage paid, to the following counsel of record:

Thomas S. Waldo
Nathaniel S.W. Lawrence

*Lorraine Carter*
Lorraine Carter

16