IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, SOUTHEAST ALASKA CONSERVATION COUNCIL, SIERRA CLUB, NATIONAL AUDUBON SOCIETY, THE WILDERNESS SOCIETY, and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE; MARK REY, in his official as Under Secretary of Agriculture; DENNIS E. BSCHOR, in his official capacity as Alaska Regional Forester; and FORREST COLE, in his official capacity as Forest Supervisor for the Tongass National Forest,<br><br>Defendants. | Case No. J03-029-CV(JKS) |

INTERIM SETTLEMENT AGREEMENT

The parties agree to the following interim settlement relating to the advertising, sale and operation of certain timber sales during the pendency of this litigation.

1. The parties agree that the Forest Service may reconfigure the Madder and Buckdance timber sales to develop a new timber sale. The Forest Service may also advertise and sell public works road contracts, provided those contracts are necessary to provide access for a reconfigured sale receiving a responsible, conforming bid. The Forest Service will promptly reconfigure and

INTERIM SETTLEMENT

1

advertise such timber sale and road contracts.

2. The Forest Service agrees that, until the Ninth Circuit issues a decision on the merits of the appeal in this action, or May 15, 2005, whichever occurs first, it will not advertise any timber sales or road construction contracts covered by the following EISs:

> Sea Level (except for the sale and road contracts described in paragraph 1 above),
>
> Cholmondeley,
>
> Finger Mountain,
>
> Canal Hoya,
>
> Crane and Rowan,
>
> Madan,
>
> Three-Mile,
>
> That portion of the Woodpecker Timber Sale Project that is the subject of the 2004 Record of Decision,
>
> That portion of the Chasina Timber Sale Project not within the modified Fusion timber sale contract described in the Consent Decree filed July 26, 2004, in this action.

If the Forest Service decides, consistent with the limits above, to advertise a timber sale or related road construction contract for any of the above listed EISs, it will, during the pendency of this litigation, first provide a 14-day pre-advertisement notice, including notice to the parties, followed by a 30-day advertising period. The plaintiffs may seek injunctive relief as to any such action. Defendants and defendant-intervenors retain the right to oppose any such request for injunctive relief. Plaintiffs agree not to seek shortened time less than 12 days for the defendants to respond to any such initial motion for injunctive relief.

INTERIM SETTLEMENT

3. If Pacific Log & Lumber (PLL) applies for mutual cancellation of the timber sale contract for the Orion North timber sale prior to five months from the effective date of this interim agreement, the Forest Service will agree to such cancellation provided the cancellation agreement includes the following language.

> Pursuant to this agreement, the United States agrees to relieve Pacific Log & Lumber from any damages resulting from the cancellation.
>
> Pacific Log & Lumber releases, waives, and abandons any and all claims against the United States, due to delay, suspension, modification, or cancellation (in whole or in part), including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages. This liability limitation supersedes any other compensation or liability provisions set forth in the timber sale contract, Federal regulation, or the common law.

4. If the Forest Service and PLL mutually cancel the Orion North timber sale now in existence, plaintiffs agree not to seek injunctive relief in this or future litigation as to the modified Madder/Buckdance timber sale and associated road contracts described in paragraph 1 above.

5. This settlement agreement is not intended to and does not modify in any way the injunction pending appeal entered by the Ninth Circuit on October 18, 2004 in this action.

6. This settlement agreement shall become effective when all of the signatures required below have been obtained.

7. This settlement agreement shall not be interpreted to require the expenditure of funds not appropriated by Congress.

8. This settlement agreement is entered into for the sole purpose of settling on an interim basis

INTERIM SETTLEMENT

some of the claims for injunctive relief in this action. This settlement agreement shall not be evidence of any agreement by any party to any allegations raised by any other party in this case, or a waiver by, or an admission against any party.

9. This settlement agreement does not constitute an admission of liability and will not prejudice or otherwise affect the rights of any of the parties with respect to any other litigation or factual situation except as expressly provided herein.

10. This settlement agreement shall be binding on the parties, their officers, agents, successors and assigns and those in privity therewith.

11. This interim settlement shall not be deemed to render plaintiffs prevailing parties in this action or otherwise form the basis for the award of any attorney's fees, costs or expenses in this action.

12. This agreement may be executed in any number of counterparts and by any combination of the signing entities, each of which counterparts shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.

Date: 4/7/05

_____
THOMAS S. WALDO
Attorney for plaintiffs

Date: _____

_____
BRUCE M. LANDON
Attorney for federal defendants

INTERIM SETTLEMENT

some of the claims for injunctive relief in this action. This settlement agreement shall not be evidence of any agreement by any party to any allegations raised by any other party in this case, or a waiver by, or an admission against any party.

9. This settlement agreement does not constitute an admission of liability and will not prejudice or otherwise affect the rights of any of the parties with respect to any other litigation or factual situation except as expressly provided herein.

10. This settlement agreement shall be binding on the parties, their officers, agents, successors and assigns and those in privity therewith.

11. This interim settlement shall not be deemed to render plaintiffs prevailing parties in this action or otherwise form the basis for the award of any attorney's fees, costs or expenses in this action.

12. This agreement may be executed in any number of counterparts and by any combination of the signing entities, each of which counterparts shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.

Date: _____

_____
THOMAS S. WALDO
Attorney for plaintiffs

Date: April 7, 2005

_____
BRUCE M. LANDON
Attorney for federal defendants

INTERIM SETTLEMENT

4

Date: _____          _____
                                STEVE SILVER
                                Attorney for intervenor-defendant
                                Alaska Forest Ass'n

Date: 4-7-05                    _____
                                [signature]
                                ZACHARY FALCON
                                Attorney for intervenor-defendant
                                State of Alaska

INTERIM SETTLEMENT

5

05/02/05 08:07 FAX 907 271 5827    DOJ,ENRD    → EARTHJUSTICE    ☒005/005
Apr-11-05 12:49pm From-ROBERTSON, MONAGLE & EASTAUGH   703 527 6421   T-070  P.002/002  F-197
Case 1:04-cv-00029-JKS    Document 60-21    Filed 03/09/2006    Page 7 of 7

Date: 4/6/05

_____
STEVE SILVER
Attorney for intervenor-defendant
Alaska Forest Ass'n

Date: 4-7-05

_____
ZACHARY FALCON
Attorney for intervenor-defendant
State of Alaska

INTERIM SETTLEMENT

5