Steve Silver
Amy Gurton Mead
Robertson, Monagle & Eastaugh
801 W. 10th Street, Suite 300
Juneau, Alaska 99801
(907) 586-3340 (telephone)
(907) 586-6818 (facsimile)

ssilver628@aol.com
agmead@romea.com

Attorneys for
Alaska Forest Association,
Intervenor Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORGANIZED VILLAGE OF KAKE et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>UNITED STATES FOREST SERVICE, et al.,<br><br>         Defendants. | Case No. J04-029 CV (JKS) |

**OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE EXTRA-RECORD DECLARATION OF OWEN GRAHAM AND OPPOSITION BRIEF OF INTERVENOR-DEFENDANT ALASKA FOREST ASSOCIATION AND FOR EXTENSION OF TIME**

## TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. OWEN GRAHAM'S DECLARATION SPEAKS TO THE PLAINTIFFS'
    ARGUMENTS, NOT THE AGENCY'S DECISION . . . . . . . . . . . . 4

III. THE GRAHAM DECLARATION EXPLAINS COMPLEX SUBJECT MATTER
     FOUND IN THE RECORD . . . . . . . . . . . . . . . . . . . . 5

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

*Asarco v. U.S. Environmental Protection Agency,*
    616 F.2d 1153 (9th Cir. 1980) . . . . . . . . . . . . . . . 6

*Cascadia Wildlands Project v. U.S.F.S.,*
    386 F. Supp.2d 1149 (D. Oregon 2005) . . . . . . . 7 - 8, 9

*Inland Empire Public Lands Council v. Glickman,*
    88 F.3d 697 (9th Cir. 1996) . . . . . . . . . . . . 6, 7 - 9

I.  INTRODUCTION

The Plaintiffs have moved to strike Intervenor-defendant Alaska Forest Association's opposition brief and attachments. There is no rational basis for the Court to strike either. Both AFA's brief, and Mr. Graham's declaration, merely provide a rebuttal to the argument relied upon by the Plaintiffs in their opening brief, while explaining some of the more technical aspects related to the issue of "market demand," which is a central concept in this litigation.

II. OWEN GRAHAM'S DECLARATION SPEAKS TO THE PLAINTIFFS' ARGUMENTS, NOT THE AGENCY'S DECISION

It would be patently unfair to strike either Mr. Graham's declaration or AFA's opposition as neither document was submitted for an improper purpose.

In their Opening Brief, Plaintiffs assert that the Forest Service violated NEPA by relying upon "outdated and demonstrably inaccurate projections of market demand in the Threemile FEIS." (Opening Brief at p. 11)  They argue that annual market demand has proven to be "significantly lower than projected in 1997" based upon several facts, including, the "perhaps most telling" piece of information, the fact that "actual cutting levels are much lower than forecast. . .."  (Opening Brief at p. 25)

There is nothing in the record which equates actual volume cut with market demand, or which states that the former is an accurate indicator of the latter. Plaintiffs' assertion that

4

the two are directly related is nothing more than their simplistic interpretation of the data. The reality is that actual volume cut is a poor indicator of market demand. As explained in Mr. Graham's declaration, demand is primarily a function of economic timber supply and mill capacity.

It would be grossly unfair to allow the Plaintiffs to argue their inferences from the record documents, inferences which are not argued or contained in the record, but not allow AFA to offer a rebuttal. AFA did not submit Mr. Graham's declaration for the Court to use in considering whether the Forest Service violated NEPA, it was submitted for the Court to use in evaluating the reasonableness of the Plaintiffs' interpretation of the record documents. If the Court is going to strike AFA's argument related to what constitutes market demand, then it should similarly strike the Plaintiffs' arguments related to the same.[1]

### III. THE GRAHAM DECLARATION EXPLAINS COMPLEX SUBJECT MATTER FOUND IN THE RECORD

The Ninth Circuit has repeatedly held that extra-record submissions may be considered under certain circumstances. One of the exceptions to the rule that judicial review be limited to

---

[1] Doing so would effectively gut the Plaintiffs' opening brief, as proving that actual volume cut is a reliable indicator of current market demand is a lynchpin of their argument. Without it, the Plaintiffs cannot support their claim that the Brooks & Haynes projections are "outdated" or that the Forest Service's reliance upon the projections therefore unreasonable.

5

the administrative record at the time the decision in question was made, is to explain technical terms or complex subject matter. *Inland Empire Public Lands Council v. Glickman*, 88 F.3d 697, 703-704 (9th Cir. 1996).[2] Indeed, the circuit court has recognized that judicial review would "often be impossible, especially when highly technical matters are involved," without going outside the record. *Asarco v. U.S. Environmental Protection Agency*, 616 F.2d 1153, 1160 (9th Cir. 1980). Mr. Graham's declaration provides the Court with explanation of one of the most complex and critical subject matters at issue in this case - what constitutes market demand.

A reading of the Plaintiffs' Opening Brief illustrates just how important the issue is. It is the fulcrum from which the Plaintffs' argument swings. The Plaintiffs assert that the fact that actual volume cut in recent years is lower than the market demand projections offered by Brooks & Haynes in 1997 proves that the Brooks & Haynes projections were invalid.[3] Therefore, according to the Plaintiffs, the Forest Service's decision to offer the Threemile sale based upon the FEIS which incorporated those projections was made arbitrarily on outdated information, which in turn also invalidates the agency's decision under

---

[2] It is for this reason the Graham Declaration was submitted. *See Graham Declaration* at p. 2 ¶ 1.

[3] Plaintiffs refer to actual volume cut as the "perhaps most telling" piece of information that proves that the Threemile FEIS was based upon outdated and misleading information. (Opening Brief at p. 25)

6

ANILCA. The argument is specious, and to illustrate why, the AFA offered Mr. Graham's declaration. Mr. Graham rebuts the Plaintiffs' argument that actual volume cut is a reliable indicator of market demand, and offers an alternative explanation of this technical and complex subject matter. The Court can properly consider the background technical information AFA has provided to assist the Court in assessing Plaintiffs' argument and the meaning of the record documents cited by the parties.

In the *Island Empire* case, *supra*, the plaintiffs argued that the Forest Service's decision to offer timber sales in the Kootenai National Forest violated the National Forest Management Act, in part, because the agency's "habitat viability analyses" were "insufficient." *Id.* at 760. In support of their claim, the plaintiffs provided the court with an extra-record declaration. The Forest Service moved to strike the declaration. The court declined to do so, observing that

> Although the general rule prevents consideration of evidence outside the administrative record, the court may consider, particularly in highly technical areas, substantive evidence going to the merits of the agency's action where such evidence is necessary as background to determine the sufficiency of the agency's consideration.

*Id.* (internal quotes omitted.)

In *Cascadia Wildlands Project v. U.S.F.S.*, 386 F. Supp.2d 1149 (D. Oregon 2005), Cascadia asked the district court to strike an extra-record declaration offered by the defendant

7

Forest Service which purported to explain certain technical aspects of a database used by the agency in developing a fire salvage management project. Cascadia argued that the Forest Service was improperly attempting "to pack the record with expert opinion" *Id.* at 1158. The court declined to strike the declaration, noting that extra-record material may properly be considered when it is used to "explain technical terms or complex subject matter." *Id.* The court found the declaration to satisfy that test, stating that it explained "technical aspects of the . . . database and its use," while addressing "technical criticisms of the program raised in plaintiffs' supporting memorandum." *Id.* The district court disagreed with the plaintiffs that the extra-record declaration was simply a "post hoc rationalization," rather, the court found it to be helpful in helping the court understand the database – both the process by which it was developed, and in understanding the kind of data it included. *Id.* at 1158 – 1159.

The Kake Plaintiffs acknowledge that extra-record evidence is admissible for this purpose, and even cite to the *Cascadia* case for the proposition that where a declaration helps the court to understand a process at issue, but does not "attempt to address or justify conclusions of that project," the extra-

8

record evidence is admissible. (Opening Brief at p. 5)[4] Mr. Graham's declaration, and its attached exhibits, fall squarely within the exception carved out by cases like *Cascadia* and *Island Empire* by providing the Court with background technical information about the "database" (market demand projections) upon which the the Threemile FEIS relies upon,[5] and by helping the Court to understand both the process by which market demand projections are developed, and the kind of information "market demand" contains. Neither the Graham declaration nor AFA's opposition should be stricken merely because they provide the Court with an alternative explanation of record documents than the one offered by the Plaintiffs. Because the Graham Declaration explains technical terms and complex subject matter, in particular, how market demand is calculated and the vicious cycle that is created when a sufficient amount of economic timber is not offered, it should not be stricken.

V.  **CONCLUSION**

Plaintfifs' motion to strike Mr. Graham's declaration and AFA's brief should be denied for two reasons. First, both documents provide the Court with an explanation of a complex and

---

[4] Plaintiffs cite to many cases in their opposition for general propositions of law, however they offer no discussion of how or why any of the cases they cite factually apply to this case - or how and why any of the cases they cite support striking either Mr. Graham's declaration or AFA's brief.

[5] Opening Brief at p. 11

technical issue - namely, what constitutes "market demand" - the understanding of which is critical to evaluating the merits of the Plaintiffs' claims. The Ninth Circuit recognizes this purpose as an exception to the general rule concerning administrative record cases. Second, it would be unjust to allow the plaintiffs to argue their inferences from the record, and not allow AFA to do the same. AFA should not be penalized because it submitted an actual declaration encompassing its arguments surrounding the concept of market demand just because the Plaintiffs opted to assert their inferences purportedly based upon the record documents in their briefing alone. If the Court grants Plaintiffs' motion, it should apply the same ruling to the extra record inferences argued in Plaintiffs' Opening Brief. In the alternative, if the Court decides to strike Mr. Graham's declaration but not the Plaintiffs' related argument, AFA asks that it be allowed to resubmit its opposition brief. If the Plaintiffs are going to be allowed to argue their inferences from the record, the AFA should be allowed to do the same.

     RESPECTFULLY SUBMITTED this 22nd day of March, 2006.

                s/Amy Gurton Mead
                STEVE SILVER **ssilver628@aol.com**
                AMY GURTON MEAD **agmead@romea.com**
                Robertson, Monagle & Eastaugh
                801 W 10th St., Ste. 300
                Juneau, AK  99801
                (907) 586-3340 (telephone)
                (907) 586-6818 (facsimile)
                FOR Alaska Forest Association

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 22, 2006, a copy of the foregoing document was served electronically on the following attorneys of record:

Bruce Landon
Thomas Waldo
Nathaniel Lawrence
Kevin Saxby


s/
Laurie Gyles-Chesnut