Case 1:04-cv-00029-JKS    Document 67    Filed 04/03/2006    Page 1 of 8

Thomas S. Waldo
Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Ph: 907-586-2751
Fax: 907-463-5891
Email: twaldo@earthjustice.org

Nathaniel S.W. Lawrence
NATURAL RESOURCES DEFENSE COUNCIL
3723 Holiday Drive, SE
Olympia, WA 98501
Ph: 360-534-9900
Fax: 360-534-9909
Email: nlawrence@nrdc.org

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORGANIZED VILLAGE OF KAKE, SOUTHEAST ALASKA CONSERVATION COUNCIL, NATURAL RESOURCES DEFENSE COUNCIL, SIERRA CLUB, THE WILDERNESS SOCIETY, and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>　　　　Plaintiffs,<br><br>　　　　　v.<br><br>UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE; MARK REY, in his official capacity as Under Secretary of Agriculture; DENNIS E. BSCHOR, in his official capacity as Alaska Regional Forester; and FORREST COLE, in his official capacity as Forest Supervisor for the Tongass National Forest,<br><br>　　　　Defendants. | Case No. J04-0029 CV (JKS) |

**PLAINTIFFS' REPLY TO ALASKA FOREST ASSOCIATION'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE EXTRA-RECORD DECLARATION OF OWEN GRAHAM AND FOR EXTENSION OF TIME**

Organized Village of Kake, et al. v.
U.S. Forest Service, et al.
J04-0029 CV (JKS)

Plaintiffs submit this reply in support of their Motion to Strike Extra-Record Declaration of Owen Graham and Opposition Brief of Intervenor-Defendant Alaska Forest Association and for Extension of Time (Docket No. 55).

At issue in this case is whether the record supports the Forest Service's EIS and ultimate decision as they pertain to market demand for timber. The Graham Declaration does not help the Court resolve this question. The record contains thorough discussions of market demand, by Forest Service experts, that explain the "technical" concepts quite well, certainly enough for the Court and the parties to understand. The Graham Declaration does not clarify this existing record, but rather presents an alternative theory of market demand, not adopted by the Forest Service and not reflected in the record. Indeed, AFA admits that the declaration does not help resolve the legal issues. Opp'n to Pls.' Mtn. To Strike Extra-Record Decl. at 5 (Docket No. 66) ("AFA Opp'n") ("AFA did not submit Mr. Graham's declaration for the Court to use in considering whether the Forest Service violated NEPA…."). This declaration is unnecessary, and to admit it would inappropriately turn the case into an expert battle over market demand rather than a review of the record to determine whether it supports the agency's decision and EIS. Contrary to AFA's assertion, there is nothing unfair in this result.

I.   AFA HAS NOT SHOWN THAT THE GRAHAM DECLARATION IS NECESSARY TO EXPLAIN COMPLEX SUBJECT MATTER IN THE EXISTING RECORD.

In their Opening Brief, Plaintiffs rely on facts in the record to argue that the Forest Service cannot continue to rely on the Brooks and Haynes projections long after those projections have been shown not to be true. *See* Pls.' Br. at 16-19 (Docket No. 48). AFA argues that the Graham Declaration is needed to help the Court "in evaluating the reasonableness of the

Organized Village of Kake, et al. v.
U.S. Forest Service, et al.
J04-0029 CV (JKS)

Plaintiffs' interpretation of the record documents." AFA Opp'n at 5. AFA does not explain why it must rely on extra-record expert evidence to explain the record when neither Plaintiffs nor Federal Defendants have required experts to do so.

Market demand is not the sort of complex technical information that requires extra-record explanation. Rather, courts generally have allowed agency supplementation under this exception for complex scientific issues. *See, e.g., Ass'n of Pac. Fisheries v. EPA*, 615 F.2d 794, 811 (9th Cir. 1980) (considering studies discussing the relationship between fish processing rates and effluent limitations); *Bunker Hill Co. v. EPA*, 572 F.2d 1286, 1292 (9th Cir. 1977) (admitting extra-record evidence useful to gain a more complete understanding of various sulfur dioxide control technologies). The present case does not present such technical questions but, rather, concerns the validity of the Forest Service's reliance on projections when the assumptions underlying those projections have been undermined. Plaintiffs do not ask the Court to determine how to calculate market demand, or to assess the methodology in the two reports. Instead, the claims in this case require the Court to determine whether the facts in the record support the Forest Service's continued reliance on outdated projections of market demand.

Existing economic studies in the administrative record, authored by expert Forest Service economists, are more than sufficient to explain market demand concepts. The Brooks and Haynes Report and the Morse Report are the basis for the Forest Service's market demand calculations. These reports provide a thorough explanation of the concept of market demand, the methods used, and the assumptions behind the calculations. *See* Pls.' Opening Br. Ex. 7 at 15-16, 30 (market demand); 16-25 (forecasting methods and market demand); 12-14, 28-29 (assumptions); 32-34 (sample application of methods); 36-42 (monitoring indicators) (Morse Report at 11-12, 26; 12-21; 8-10, 24-25; 28-30; 32-38); Pls.' Opening Br. Ex. 4 at 6-15 (method

Organized Village of Kake, et al. v.
United States Forest Service, et al.
J04-0029 CV (JKS)                           2

for calculating projections); 17-20 (assumptions) (Brooks & Haynes at 2-11; 13-16). Plaintiffs and Federal Defendants were able to understand these concepts and argue their positions about them without extra-record expert testimony. *See* Pls. Opening Br. at 15-20 (citing the assumptions in the Brooks and Haynes and Morse Reports); Fed. Defs. Opp'n Br. at 3-5, 12-17 (citing narrative in the Brooks and Haynes and Morse Reports).

Even if market demand were the type of technical or complex subject matter that requires explanation, the Graham Declaration would not be permissible. Although background information can be admitted to explain technical concepts, it must be explanatory of the original record. *Bunker Hill Co.*, 572 F.2d at 1292. It cannot introduce new information. *Cascadia Wildlands Project v. U.S. Forest Serv.*, 386 F. Supp. 2d 1149, 1158 (D. Or. 2005). The Graham Declaration does not explain or even mention the Brooks and Haynes Report, the Morse Report, or any other relevant analyses in the record. AFA describes it as a rebuttal to Plaintiffs' brief rather than an explanation of the agency record. *See* AFA Opp'n at 5 ("it was submitted for the Court to use in evaluating the reasonableness of the Plaintiffs' interpretation of the record documents."). AFA cites no cases for the proposition that extra-record evidence is admissible for this purpose.

Moreover, "technical testimony" is generally not admissible "for the purpose of determining the scientific merit of the [agency's] decision." *Asarco, Inc. v. U.S. EPA*, 616 F.2d 1153, 1161 (9th Cir. 1980); *see also Kunaknana v. Clark*, 742 F.2d 1145, 1152 (9th Cir. 1984). Rather than explaining the Forest Service's decision to offer the Threemile timber sale, the Graham Declaration offers an alternative opinion of market demand, one not consistent with the agency's own analysis in the record.

Organized Village of Kake, et al. v.
United States Forest Service, et al.
J04-0029 CV (JKS)                       3

AFA cites two cases to support its assertion that the Graham Declaration is admissible to explain complex subject matter in rebuttal of Plaintiffs' arguments, but neither of these cases supports consideration of the Graham Declaration. In *Inland Empire Public Lands Council v. United States Forest Service*, 88 F.3d 754 (9th Cir. 1996), the court considered supplemental evidence to determine whether the Forest Service had considered all of the relevant factors in a habitat viability analysis. *Id.* at 760 n.5. The extra-record evidence was admitted to help the court assess the sufficiency of the agency's decision because the court would not be familiar with the relevant factors otherwise.

Similarly, in *Cascadia Wildlands Project*, the court admitted technical evidence not contained in the administrative record to aid the court in understanding and assessing the process by which the agency reached its decision. The Forest Service had used a database to assist in making decisions related to a fire salvage project, and submitted a declaration explaining "technical aspects of the … database and its use …." 386 F. Supp. 2d at 1158. In keeping with the rationale behind the exception to the general rule prohibiting reliance on evidence not a part of the administrative record, the court admitted the evidence because it was necessary to help the court understand the sufficiency of the agency's decision.

Unlike the extra-record evidence admitted in these two cases, the Graham Declaration does not help the court understand the sufficiency of the agency's decision. Even as background information, extra-record evidence must be relevant to aiding the court in understanding the agency's decision or assessing the sufficiency of the process by which the agency reached its decision. *Hoefler v. Babbitt*, 952 F. Supp. 1448, 1455-56 (D. Or. 1996). The Graham Declaration does not assist the Court in understanding the projections relied on by the Forest

Organized Village of Kake, et al. v.
United States Forest Service, et al.
J04-0029 CV (JKS)                    4

Service, or the process by which the Forest Service calculates market demand and determines whether to offer a particular timber sale.

Finally, AFA argues that it would be "unjust" or "grossly unfair" to require AFA to rely on the record in rebutting the Plaintiffs' "inferences" from the record. AFA Opp'n at 5, 10. There is no injustice or unfairness in this result. Plaintiffs believe they have interpreted the record accurately, but AFA may rely on the record and on reason to identify any alleged errors in Plaintiffs' reasoning. This is the normal procedure in judicial review of administrative agency decisions, as established in decades of case law. Explanatory expert testimony is not necessary. Both the Brooks and Haynes report and the Morse report in the record contain explanations of market demand concepts that are not too technical or complex for a court to understand.

Indeed, admission of the Graham Declaration would lead to a result that is wasteful and inappropriate, if not unjust. It would effectively require Plaintiffs to offer their own expert testimony regarding market demand, involving the Court in a disagreement among experts inappropriate for review of agency action. *See Asarco*, 616 F.2d at 1161.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike the Graham Declaration and the Opposition Brief of Intervenor-Defendant Alaska Forest Association (Counts V and IX) and allow the Plaintiffs additional time to respond to either the Federal Defendants' brief alone or to both opposing briefs, depending on the Court's ruling on this motion.

Organized Village of Kake, et al. v.
United States Forest Service, et al.
J04-0029 CV (JKS)               5

Respectfully submitted this 3rd day of April, 2006,

   /s/ Thomas S. Waldo

Thomas S. Waldo (ABA# 9007047)
Eric P. Jorgensen (ABA# 8904010)
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
Ph: 907-586-2751
Fax: 907-463-5891
Email: twaldo@earthjustice.org

Nathaniel S.W. Lawrence
NATURAL RESOURCES DEFENSE COUNCIL
3723 Holiday Drive, SE
Olympia, WA 98501
Ph: 360-534-9900
Fax: 360-534-9909
Email: nlawrence@nrdc.org

*Attorneys for Plaintiffs*

Organized Village of Kake, et al. v.
United States Forest Service, et al.
J04-0029 CV (JKS)                6

## CERTIFICATE OF SERVICE

I, Thomas S. Waldo, certify that on April 3, 2006, a true and correct copy of PLAINTIFFS' REPLY TO ALASKA FOREST ASSOCIATION'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE EXTRA-RECORD DECLARATION OF OWEN GRAHAM AND FOR EXTENSION OF TIME was served electronically to Bruce Landon, Steve Silver, and Amy Gurton Mead.


/s/ Thomas S. Waldo

Thomas S. Waldo




Organized Village of Kake, et al. v
U.S. Forest Service, et al.
J04-0029 CV (JKS)