BRUCE M. LANDON
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| ORGANIZED VILLAGE OF KAKE, SOUTHEAST ALASKA CONSERVATION COUNCIL, NATURAL RESOURCES DEFENSE COUNCIL, SIERRA CLUB, THE WILDERNESS SOCIETY, and CENTER FOR BIOLOGICAL DIVERSITY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | |
| UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE; MARK REY, in his official capacity as Under Secretary of Agriculture; DENNIS E. BSCHOR, in his official capacity as Alaska Regional Forester; and FORREST COLE, in his official capacity as Forest Supervisor for the Tongass National Forest, | ) ) ) ) ) ) ) ) ) | Case No. 1:04-cv-0029-JKS |
| Defendants. | ) ) ) | |

JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND
ENTRY OF ORDER OF PARTIAL DISMISSAL

The parties have reached a settlement agreement regarding the remedy issues relating to

the defects that the Ninth Circuit found in the revised Tongass Land Management Plan (TLMP)

in *Natural Resources Defense Council v. Unites States Forest Service (NRDC I),* 421 F.3d 797

(9th Cir. 2005).  The parties have reached the identical settlement agreement in *NRDC I,* this

action and two other cases relating to timber sales in the Tongass pending in this District,

*Natural Resources Defense Council v. United States Forest Service, (NRDC III),* 1:04-cv-010

(JKS) (D. Alaska) and *Southeast Alaska Conservation Council v. United States Forest Service*

*(SEACC),* 1:06-cv-0005-JWS (D. Alaska).  The settlement agreement provides that it shall be

void if this Court does not approve the settlement and enter the proposed final judgment and

order of partial dismissal attached hereto.  All parties jointly move the Court to approve the

settlement and enter the proposed final judgment and order of partial dismissal.

BACKGROUND

In this action, plaintiffs alleged, *inter alia*, that the 1997 revised Tongass Land

Management Plan (TLMP) violated the National Environmental Policy Act (NEPA), 42 U.S.C.

4321 *et seq.,* and the National Forest Management Act (NFMA), 16 U.S.C. § 1601 *et seq.*  The

plaintiffs in *NRDC I* had made the same claims with regard to the revised TLMP.  The Ninth

Circuit found violations of both acts and remanded to this Court for a determination of the

appropriate remedy.  *NRDC I.*  This Court issued a remedy order in *NRDC I* which granted

plaintiffs less relief than they had requested, and plaintiffs appealed.  The parties engaged in

negotiations with the view of settling the appeal in *NRDC I* as well as other cases pending in this

Court that raise the same challenges to the revised TLMP as *NRDC I.*  The parties reached the

settlement attached hereto.

I.    STANDARDS FOR EVALUATING SETTLEMENT AGREEMENTS

Courts review a settlement agreement for a determination of whether it is fundamentally

fair, reasonable and adequate.  *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990), *cert.*

*denied*, 501 U.S. 1250 (1991); *United States v. City of Miami*, 664 F.2d 435, 441 (5th Cir. 1981);

*E.E.O.C. v. Hiram Walker and Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985), *cert. denied*, 478

U.S. 1004 (1986). In addition, the agreement or decree must conform to applicable law. *United States v. Oregon*, 913 F.2d at 580.

The court's discretion in determining whether to approve or reject a settlement agreement is broad. *E.E.O.C. v. Hiram Walker*, 768 F.2d at 889. The acceptance of such an agreement by a district court is reviewed for abuse of discretion. *United States v. Oregon*, 913 F.2d at 580.

While the courts review settlement agreements carefully, they do not need to try all the issues before they can approve a settlement. Once the court is satisfied that the settlement was the product of good faith, arms-length negotiations, a negotiated decree is presumptively valid and an objecting party has a heavy burden of demonstrating that the settlement is unreasonable. *United States v. Oregon*, 913 F.2d at 581; *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983).

The reviewing court should not determine contested issues of fact that underlie the dispute. *United States v. Oregon*, 913 F.2d at 582. Rather, the court should consider the nature of the litigation, the consistency of the settlement with the objectives of the statutes sought to be enforced in the litigation, and its impacts on non-signatory parties. *City of Miami*, 664 F.2d at 441. These factors must be weighed in light of the general policy favoring settlements. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

II.    THE COURT SHOULD APPROVE THE SETTLEMENT AND ENTER THE
       PROPOSED ORDER OF PARTIAL DISMISSAL

The settlement is an agreement between the environmental plaintiffs, federal defendants,

and the timber industry organization intervenor-defendant Alaska Forestry Association (AFA).[1]

The settlement places no obligations on third parties.

In the settlement, plaintiffs agree that certain timber sale and road construction contracts

may proceed, and that plaintiffs will not challenge those sales in this or other litigation.  The

federal defendants agree not to sign new site-specific records of decision (RODs) in inventoried

roadless areas or on Kuiu Island until 30 days after publication in the Federal Register of the

notice of the final environmental impact statement for the TLMP review process now underway

or any later effective date of the revised TLMP, if one is designated by the Forest Service

(hereafter "effective date").  In addition, upon entry of the last of the proposed judgments and

orders of dismissal described in paragraphs 10-12 of the settlement agreement, the Forest Service

will withdraw the RODs, but not necessarily the environmental impact statements (EISs) for

certain enumerated timber sale projects.  Additional timber sale projects would be withdrawn

subsequently if certain new timber sale projects "clear the administrative appeals process" as

defined in the agreement.  Withdrawn project RODs could not be reinstated until the effective

date.

The agreement would not result in the withdrawal of the ROD for the Threemile timber

sale project at issue in this action, but would resolve the dispute in this action regarding the

remedy for the defects in the revised TLMP identified by the Ninth Circuit in *NRDC I*.  Plaintiffs

---

[1] The State of Alaska did not intervene in this action, but has signed the settlement agreement
because it did intervene in *NRDC I* and *NRDC III*.

in this action will continue to press their remaining, site-specific claims in this action (Counts V and IX).  The proposed Order of Partial Dismissal provides that this Court would retain jurisdiction to enforce the terms of the settlement agreement.[2]  In the event of a disagreement between the parties concerning any aspect of the settlement agreement, the agreement provides that the parties shall attempt to resolve their dispute before returning to the Court for enforcement proceedings.  Contempt remedies will not be available in such proceedings.

The settlement also deals with *NRDC I, NRDC III and SEACC*.  The settlement calls for the entry of the proposed Order of Dismissal of all remedy issues in *NRDC I*, with the retention of jurisdiction to enforce the settlement, in the same manner as in this action.  With the dismissal of the remedy claims, nothing will remain of the case other than entry of the proposed Final Judgment granting plaintiffs judgment on the merits of their plan-level claims, consistent with the Ninth Circuit's decision in *NRDC I*.

The ROD for the Woodpecker 2003 timber sale project at issue in *NRDC III,* would be withdrawn promptly after entry of the last of the proposed judgments and orders of dismissal described in paragraphs 10-12 of the settlement agreement.  *NRDC III* will be dismissed in its entirety without prejudice to refiling if the ROD or sales based upon the existing site- specific EIS for that project are reinstated after issuance of the new TLMP ROD, all parties to bear their own costs and attorney fees.

---

[2] The parties are asking the court to approve the settlement agreement and retain jurisdiction in *NRDC I, OVK*, and *SEACC*, because the parties to these cases are not identical, and it is the intent of the settlement agreement that all parties be bound by it and able to enforce it if necessary.

The ROD for the Emerald Bay project at issue in *SEACC* would be withdrawn promptly after the entry of the last of the proposed judgments and orders of dismissal described in paragraphs 10-12 of the settlement agreement.  The Order of Dismissal would approve the settlement agreement and dismiss all remedy claims as to Counts I, II, III, and X in the action. Those counts are essentially identical to Counts I-IV, which were before the Ninth Circuit in *NRDC I*.  Counts IV through IX, which do not involve the plan defects in the Ninth Circuit's decision, would be dismissed without prejudice to re-filing if the Forest Service reinstates the Emerald Bay Record of Decision or issues any other decision document based on the Emerald Bay Final Environmental Impact Statement.  Once the remedy claims and non-plan claims are dismissed, nothing will remain of the case other than entry of the proposed Final Judgment granting plaintiffs judgment on the merits of their plan-level claims consistent with the Ninth Circuit's decision in *NRDC I*.

None of these provisions is inconsistent with applicable law or contrary to public policy. The settlement is the good faith result of arm's length negotiations conducted over several months.   The settlement agreement and Order of Dismissal and Final Judgment satisfy all the standards for court approval of settlements.

CONCLUSION

For the foregoing reasons, the Court should enter the Order of Dismissal approving the

settlement agreement and enter the proposed Final Judgment.  Counsel for all parties have

authorized the undersigned to file this motion as the joint motion of the parties.

RESPECTFULLY SUBMITTED this day 18th of May, 2007, at Anchorage, Alaska.

> s/ Bruce M. Landon
> BRUCE M. LANDON
> Department of Justice
> Environment & Natural Resources Division
> 801 B Street, Suite 504
> Anchorage, Alaska  99501-3657
> Phone: (907) 271-5452
> Facsimile: (907) 271-5827
> Email: bruce.landon@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of May, 2007, a copy of the foregoing Joint
Motion for Approval of Settlement Agreement and Entry of Order of Partial Dismissal,
(Proposed) Order of Partial Dismissal and Settlement Agreement were served electronically to
the following counsel of record:

Thomas S. Waldo
Nathaniel S.W. Lawrence
Steve Silver


s/ Bruce M. Landon
Bruce M. Landon