BRUCE M. LANDON
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORGANIZED VILLAGE OF KAKE, SOUTHEAST ALASKA CONSERVATION COUNCIL, NATURAL RESOURCES DEFENSE COUNCIL, SIERRA CLUB, THE WILDERNESS SOCIETY, and CENTER FOR BIOLOGICAL DIVERSITY, <br><br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE; MARK REY, in his official capacity as Under Secretary of Agriculture; DENNIS E. BSCHOR, in his official capacty as Alaska Regional Forester; and FORREST COLE, in his official capacity as Forest Supervisor for Tongass National Forest, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 1:04-cv-0029 (JKS) |

**(PROPOSED) ORDER OF PARTIAL DISMISSAL**

In *Natural Resources Defense Council v. United States Forest Service,* 421 F.3d 797 (9th

Cir. 2005), the Ninth Circuit found a number of defects in the revised Tongass Land

Management Plan (TLMP) and remanded that case to this court for a determination of the

appropriate remedy.  Plaintiffs in this action alleged the same defects in the revised TLMP as the

Kake v. USFS, 1:04-cv-0029                    1
(Proposed) Order of Partial Dismissal

plaintiffs in *Natural Resources Defense Council v. United States Forest Service.* Plaintiffs in

this action and in *Natural Resources Defense Council  v. United States Forest Service* filed

simultaneous briefs seeking identical relief in the two cases for the defects in the revised TLMP

found by the Ninth Circuit.  The parties have reached a settlement agreement regarding the

appropriate remedy for those defects.  The parties have jointly moved for approval of the

settlement agreement and entry of this Order of Partial Dismissal.

The settlement agreement attached hereto is approved.  All remedy claims in this action

arising out of defects in the revised TLMP are hereby dismissed.  Notwithstanding the dismissal

of those remedy claims, this Court shall retain jurisdiction to enforce the terms of the settlement

agreement.  In the event of a disagreement between the parties concerning any aspect of the

settlement agreement, the dissatisfied party shall provide the other parties with written notice of

the dispute and a request for negotiations.  The parties shall meet and confer in order to attempt

to resolve the dispute within seven days of the written notice, or at such time thereafter as is

mutually agreed. If they are unable to resolve the dispute within fifteen days of such meeting,

then either party may file a motion to enforce the terms of the settlement agreement or for other

specific relief.  However, should it appear that irreparable harm is ongoing or is likely to occur

within thirty days from the time a party learns of such harm, the party may, after providing

written notice to the other parties, file a motion to enforce the provisions of the settlement

agreement without complying with the discussion and resolution provisions of this order.

Contempt of court is not an available remedy under the settlement agreement or this Order of

Partial Dismissal.

Kake v. USFS, 1:04-cv-0029                              2
(Proposed) Order of Partial Dismissal

This Order of Partial Dismissal dismisses only relief issues in this action based on defects in the TLMP forest plan and does not preclude litigation of site-specific claims relating to the Threemile timber sale project.  When the court enters final judgment in this action, Plaintiffs will be entitled to judgment on the merits of Counts II through IV of the First Amended Complaint in accordance with the decision of the Ninth Circuit in *Natural Resources Defense Council v. United States Forest Service*, 421 F.3d 797 (9th Cir. 2005).  Within fifteen days of the entry of this order, the parties shall jointly report to the Court their views on what further proceedings are necessary to resolve Counts V and IX of  the First Amended Complaint and propose a schedule for those proceedings.

DATED:                                                              _____

JAMES K. SINGLETON
United States District Judge