BRUCE M. LANDON
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORGANIZED VILLAGE OF KAKE, SOUTHEAST ALASKA CONSERVATION COUNCIL, NATURAL RESOURCES DEFENSE COUNCIL, SIERRA CLUB, THE WILDERNESS SOCIETY, and CENTER FOR BIOLOGICAL DIVERSITY, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE; MARK REY, in his official capacity as Under Secretary of Agriculture; DENNIS E. BSCHOR, in his official capacty as Alaska Regional Forester; and FORREST COLE, in his official capacity as Forest Supervisor for Tongass National Forest, <br><br> Defendants. | Case No. 1:04-cv-0029 (JKS) |

JOINT REPORT TO THE COURT

- 1 -

Kake v. USFS 1:04-cv-0029 (JKS)

The parties submit this report pursuant to this Court's Order of Partial Dismissal (Docket #108), which *inter alia,* directed the parties to "jointly report to the Court their views on what further proceedings are necessary to resolve Counts V and IX of the First Amended Complaint and propose a schedule for those proceedings."

The complaint in this action raised challenges both to the revised Tongass Land Management Plan (TLMP) and to the site-specific Threemile timber sale project. The Ninth Circuit found certain defects in the revised TLMP and remanded to this Court for a determination of the proper remedy. *Natural Resources Defense Council v. United States Forest Service (NRDC I),* 421 F.3d 797 (9th Cir. 2005). On remand, the parties to this and other cases raising the same forest plan challenges as *NRDC I* reached a settlement on the remedy for the plan defects. The Court approved that settlement in this case. Order of Partial Dismissal (Docket #108). The settlement did not result in the withdrawal of the Threemile site-specific Record of Decision (ROD). Counts V and IX are the remaining site-specific counts relating to that ROD.

The current status of those counts is as follows. Federal defendants lodged the administrative record on February 1, 2005 (Docket # 9). Plaintiffs filed their Opening brief (Docket # 48) on November 23, 2005. Federal defendants filed their Opposition on January 20, 2006 (Docket # 50). Intervenor-defendants filed their Opposition on February 10, 2006 (Docket # 53).

Plaintiffs filed a Motion to Strike Extra-Record Declaration of Owen Graham and Opposition Brief of Intervenor-Defendant Alaska Forest Association (AFA) and for Extension of Time on March 7, 2006 (Docket #55-1). In that Motion, plaintiffs also sought an extension of

the due date for their reply brief until fourteen days after the Court issued its order on the Motion to Strike. Plaintiffs requested in the alternative that if the Court, in response to the Motion to Strike, permitted AFA to "submit a new brief confined to the administrative record" the due date for plaintiffs' consolidated reply brief be set for fourteen days after the AFA submits the new brief. Plaintiffs argued that the Graham declaration could not be used to support AFA's *argument on the merits of Counts V and IX in this action*. Plaintiffs argued that the AFA brief was so dependent on the declaration that the whole brief should likewise be stricken.

The briefing on the Motion to Strike has been fully briefed. AFA's Opposition (Docket # 66), Plaintiffs' Reply (Docket # 67). In its Opposition to the Motion to Strike, AFA requested that if the Court strikes the Declaration of Owen Graham, the Court should allow AFA to submit a new brief that does not rely on the Graham Declaration.

It is not clear to the parties that the Court has ruled on whether the Graham declaration could be used to support AFA's argument on the merits of Counts V and IX or whether AFA's brief on the merits should be stricken. In its Order filed September 29, 2006 (Docket # 92) the Court ruled that AFA could not use the Graham declaration in the proceedings to consider the proper remedy for the defects in the revised Tongass Land Management Plan (TLMP) found by the Ninth Circuit in *NRDC I*.

> The Court agrees that the Intervenor Defendant is trying to supplement the record to argue, in effect, that while the Ninth Circuit was correct in concluding that the agency decisions in this case rested on erroneous reliance on an estimate of market demand for timber, a correct analysis would have reached the same conclusion. This is an inappropriate basis for supplementing the record. Therefore, in determining the scope of relief on remand, the Court will not consider the Alaska Forest Association brief and declaration of Owen Graham. To that extent, the motion at Docket No. 55 is GRANTED.

Order (Docket # 92 at 2-3). This Order does not explicitly address whether the Graham declaration and AFA's brief may be considered in connection with the merits of Counts V and IX, which raise site-specific issues regarding implementation of market demand projections in the Threemile timber sale rather than the misinterpretation of market demand projections in the forest plan addressed in the Ninth Circuit's decision in *NRDC I*.

The parties believe that the following steps remain to be taken with regard to Counts V and IX in this action:

1. A ruling by the Court on whether to strike the Graham declaration and AFA's brief from consideration on the merits of Counts V and IX.

2. If the Court grants the motion to strike, a ruling by the Court on whether it will permit AFA to submit a substitute brief that does not rely on the Graham declaration.

3. If the Court permits AFA to file an additional brief, the parties propose that it be due 30 days after the Court enters the order permitting the filing of the substitute brief. Plaintiffs' reply brief on the merits of Counts V and IX would be due 14 days after service of AFA's substitute brief.

4. If the Court grants the motion to strike and does not permit AFA to file a substitute brief, or if the Court denies the motion, the parties propose that the due date for plaintiffs' reply brief on the merits of Counts V and IX be 14 days after entry of the order, or July 20, whichever is later.

5. A ruling on the merits of Counts V and IX after the completion of briefing and any oral argument.

Counsel for plaintiffs and for AFA have authorized the undersigned to file this as the joint report of the parties.

RESPECTFULLY SUBMITTED this 28th day of June, 2007, at Anchorage, Alaska.

S/ Bruce M. Landon

BRUCE M. LANDON
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Phone: (907) 271-5452
Facsimile: (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Federal Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of June, 2007, a copy of the foregoing Joint Report was served electronically to the following counsel of record.

Thomas S. Waldo
Nathaniel S.W. Lawrence
Steve Silver

s/ Bruce M. Landon
Bruce M. Landon