Thomas S. Waldo
Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Ph: 907-586-2751
Fax: 907-463-5891
Email: twaldo@earthjustice.org

Nathaniel S.W. Lawrence
NATURAL RESOURCES DEFENSE COUNCIL
3723 Holiday Drive, SE
Olympia, WA 98501
Ph: 360-534-9900
Fax: 360-534-9909
Email: nlawrence@nrdc.org

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| ORGANIZED VILLAGE OF KAKE, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:04-cv-0029-JKS ) ) |
| UNITED STATES FOREST SERVICE, et al., | ) ) ) |
| Defendants. | ) |

**APPLICATION OF PLAINTIFFS ORGANIZED VILLAGE OF KAKE,
SOUTHEAST ALASKA CONSERVATION COUNCIL, NATURAL RESOURCES
DEFENSE COUNCIL, THE WILDERNESS SOCIETY, AND CENTER FOR
BIOLOGICAL DIVERSITY FOR ATTORNEY'S FEES AND EXPENSES**

Pursuant to the Equal Access to Justice Act  ("EAJA"), 28 U.S.C. § 2412(d),

plaintiffs Organized Village of Kake, Southeast Alaska Conservation Council, Natural

Resources Defense Council, The Wilderness Society, and Center for Biological Diversity

(hereinafter "Applicants")[1] hereby apply for attorney's fees of $108,853.42 and expenses

of $537.54 from the federal defendants[2] in this case.  A proposed order accompanies this

application.

EAJA provides that courts "shall award to a prevailing party other than the United

States fees and other expenses … incurred by that party in any civil action … including

proceedings for judicial review of agency action, brought by or against the United

States …."  28 U.S.C. § 2412(d)(1)(A).  This case was brought against the United States

for judicial review of agency action, and Applicants were the prevailing parties on their

claims under both the National Environmental Policy Act (NEPA) and the Alaska

National Interest Lands Conservation Act (ANILCA).  The federal defendants' position

was not substantially justified, and the hours and rates requested by Applicants are

reasonable.

---

[1]     Plaintiff Sierra Club does not seek any fees or expenses in this application.

[2]     None of the plaintiffs seek any fees or expenses from the intervenor-defendant
Alaska Forest Association.  They seek fees and expenses only from the federal
defendants:  the United States Forest Service; Mark Rey in his official capacity as Under
Secretary of Agriculture; Dennis E. Bschor in his official capacity as Alaska Regional
Forester; and Forrest Cole in his official capacity as Forest Supervisor for the Tongass
National Forest.

*Organized Village of Kake, et al. v.*
*U.S. Forest Service, et al.*
1:04-cv-0029-(JKS)

2

## I.    THE APPLICATION FOR FEES AND EXPENSES IS TIMELY.

EAJA provides that a party seeking an award of fees and expenses must submit an

application "within thirty days of the final judgment in the action."  28 U.S.C.

§ 2412(d)(1)(B).  "Final judgment" means a judgment that is "final and not appealable."

*Id.* at § 2412(d)(2)(G).  In this case, this Court entered its final judgment on September

26, 2007.  Docket No. 121.[3]  On November 26, 2008, Defendants filed a notice of appeal.

Docket No. 123.  Upon Defendants' motion, the Ninth Circuit Court of Appeals

dismissed Defendants' appeal on April 24, 2008.  Docket No. 129.  An order dismissing

the Defendants' appeal from summary judgment is a final judgment under EAJA.  *See*

*Pierce v. Barnhart*, 440 F.3d 657, 662 (5th Cir. 2006) (holding that where "the

government dismisses its own appeal, the date of dismissal commences the thirty-day

period"); *Keasler v. United States,* 766 F.2d 1227, 1231 (8th Cir. 1985) (same); *see also*

H. R. Rep. No. 99-120(I), at 22 n.26 (1985), *reprinted in* 1985 U.S.C.C.A.N. 132, 151

n.26 (same; report accompanying addition of statutory clause defining "final judgment").

Thirty days from the Ninth Circuit's order dismissing Defendants' appeal is May 24,

2008.  Since May 24 is a Saturday, and Monday, May 26 was a legal holiday, the

_____

[3]    This judgment concerned Plaintiffs' Counts V and IX, which related to the site-specific environmental impact statement (EIS) and record of decision (ROD) for the Threemile Timber Harvest project.  By prior settlement agreement this Court entered an order dismissing Applicants' claims challenging the 1997 revised Tongass Land Management Plan, but preserving site-specific Counts V and IX.  Docket No. 108. Applicants expressly retained the right to seek attorney's fees, costs, and expenses relating to Counts V and IX.  Docket No. 127 at 2-3, ¶¶ 5-6.

_____

*Organized Village of Kake, et al. v.*
*U.S. Forest Service, et al.*
1:04-cv-0029-(JKS)

application was due Tuesday, May 27, 2008. *See* Fed. R. Civ. P. 6(a). This application

was filed within the deadline.

## II.  APPLICANTS ARE ELIGIBLE FOR EAJA RECOVERY.

EAJA provides for an award of fees and costs to prevailing parties that are

501(c)(3) organizations under the Internal Revenue Code with not more than 500

employees when the suit was filed. 28 U.S.C. § 2412(d)(2)(B)(ii). Applicants Southeast

Alaska Conservation Council, Natural Resources Defense Council, The Wilderness

Society, and Center for Biological Diversity meet these requirements. *See* Exhibit 2 at 2

(Decl. of Sharon Buccino ¶ 2); Exhibit 3 at 2 (Decl. of Russell Heath ¶ 2); Exhibit 4 at 2

(Decl. of Eleanor Huffines ¶ 2); Exhibit 5 at 2 (Decl. of Kieran Suckling ¶ 2).

EAJA provides for an award of fees and costs to a prevailing party that is an

organization, the net worth of which did not exceed $7,000,000 and which had not more

than 500 employees when the suit was filed. 28 U.S.C. § 2412(d)(2)(B)(ii). The

Organized Village of Kake meets these requirements. *See* Exhibit 1 at 2 (Decl. of Gary

Williams ¶ 2).

## III.  APPLICANTS ARE ENTITLED TO FEES AS THE PREVAILING PARTIES.

The Ninth Circuit has held that a "prevailing party" under EAJA is one that has

achieved a "material alteration of the legal relationship of the parties" that is "judicially

sanctioned." *Carbonell v. Immigration and Naturalization Service*, 429 F.3d 894, 898

(9th Cir. 2005) (quoting *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health*

*& Human Res.*, 532 U.S. 598, 603 (2001)); *see also Perez-Arellano v. Smith*, 279 F.3d

_____

*Organized Village of Kake, et al. v.*
*U.S. Forest Service, et al.*
1:04-cv-0029-(JKS)

4

791, 794 (9th Cir. 2002). A party is a prevailing party "if he 'has succeeded on any significant issue in litigation which achieved some of the benefit [he] sought in bringing suit.'" *Carbonell*, 429 F.3d at 900 n.5 (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989)).

In this case, this Court entered a judgment in favor of the Applicants on both of their legal claims and granted them the injunctive relief they sought. Docket No. 120. The Court vacated the EIS and the ROD, and enjoined the Forest Service from offering the Threemile Timber Harvest for sale until it has updated its long-term market demand projections and complied with its NEPA and ANILCA duties based on these updated projections. *Id.* at 13. This is clearly a "judicially sanctioned" "material alteration of the legal relationship of the parties." *Carbonell*, 429 F.3d at 898 (noting that an enforceable judgment on the merits is an example of form of judicial action that can render a party a prevailing party). The Court's judgment provides the Applicants with the relief they sought. The Applicants are prevailing parties.

**IV.    THE FEDERAL DEFENDANTS CANNOT MEET THEIR BURDEN OF SHOWING THAT THEIR POSITION WAS SUBSTANTIALLY JUSTIFIED.**

EAJA provides two exceptions to an award of fees and expenses to a prevailing party: (1) where "the position of the United States was substantially justified;" or (2) where "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Neither exception applies in this case.

---

*Organized Village of Kake, et al. v.*
*U.S. Forest Service, et al.*
1:04-cv-0029-(JKS)

The government bears the burden of proving that its position was substantially justified. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). The government must make a "strong showing" to meet this burden. *Environmental Defense Fund v. Watt*, 722 F.2d 1081, 1085 (2d Cir. 1983); *see also League for Coastal Protection v. Kempthorne*, 2006 WL 3797911 *1, at *5 (N.D. Cal., Dec. 22, 2006) (stating "[a]t least two circuit courts of appeals have held that the government must make a 'strong showing' in order to meet its burden") (citing *Environmental Defense Fund* and *Natural Resources Defense Council v. EPA*, 703 F.2d 700, 712 (3d Cir. 1983)). "Substantial justification" under EAJA "means that the government's position must have a 'reasonable basis both in law and in fact,'" and must be "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Bay Area Peace Navy v. U.S.*, 914 F.2d 1224, 1230 (9th Cir.1990) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Lack of substantial justification for either the underlying agency position or the government's litigating position is sufficient to justify an award of fees and expenses to a prevailing party. *See Wilderness Society v. Babbitt*, 5 F.3d 383, 388 (9th Cir. 1993); *Andrew v. Bowen*, 837 F.2d 875, 880 (9th Cir. 1988). Thus, if the agency's underlying position was not substantially justified, the Court need not even address whether the litigation position was substantially justified. *Andrew*, 837 F.2d at 880; *see also U.S. v. Marolf*, 277 F.3d 1156, 1163-64 (9th Cir. 2002) ("A reasonable litigation position does not establish substantial justification in the face of a clearly unjustified underlying

_____

*Organized Village of Kake, et al. v.*
*U.S. Forest Service, et al.*
1:04-cv-0029-(JKS)

6

action."). Here, the federal defendants cannot demonstrate that the Forest Service's

decision to hold the Threemile Timber Harvest was substantially justified.

 The administrative decision at issue in this case was the Forest Service's decision

to hold a timber sale, the Threemile Timber Harvest. This decision was based, at least in

part, on the need to meet the market demand for timber from the Tongass National

Forest. Docket No. 120 at 2. To determine the market demand for Tongass timber, the

agency developed a planning document (the Morse report) setting forth a procedure for

projecting demand. *Id.* at 3. The procedure depends in part on the long-term demand

estimates contained in a 1997 report (the Brooks and Haynes report), which based its

demand projections chiefly on demand derived from the Japanese market. *Id.* at 7-8, 10.

The procedure, however, incorporates monitoring benchmarks designed to ensure that the

1997 long-term projections will be revised if the assumptions upon which they depend

change. *Id.* at 10. Specifically, the procedure contemplates that the long-term demand

estimate be revised if "sales [of Tongass timber] to domestic markets account for more

than 35 percent of lumber production." *Id.* (quoting Morse report). By 2003, sales of

Tongass timber to the Japanese market had declined significantly, and sales to domestic

markets accounted for 72 percent of Tongass timber sales. *Id.* The Forest Service was

aware of this dramatic shift. *Id*. Nonetheless, the agency based its decision to offer the

Threemile Timber Harvest upon a projection of timber demand it knew to be outdated.

"[T]he Forest Service has completely failed to offer any sort of rationale for why it failed

to follow its own guidance and update the demand projections when it was well aware of

_____

*Organized Village of Kake, et al. v.*
*U.S. Forest Service, et al.*
1:04-cv-0029-(JKS)

the dramatic shift in the structure of the market for Alaskan timber products." *Id.* at 11.

There is no substantial justification for this decision.

The consequences of the Forest Service's decision to ignore the dramatic shift in

market demand for Tongass timber and hold the Threemile Timber Harvest are amplified

by the importance of the area to subsistence users. The sale is within an area that has

been used for subsistence hunting by members of the Organized Village of Kake for

generations. Exhibit 1 at 2 (Decl. of Gary Williams ¶ 3). These activities are a vital part

of the culture and identity of Village members. *Id.* Section 810 of ANILCA recognizes

that certain land use decisions may impact important subsistence resources and requires

agencies to make a finding that any action they take that would significantly restrict

subsistence uses is "necessary." 16 U.S.C. § 3120(a)(3)(A). Here, the Forest Service

determined that the timber sale would significantly restrict Kake's subsistence deer

hunting. Docket No. 120 at 4. The Forest Service nonetheless determined that the

Harvest was "necessary" to meet market demand, as projected in TLMP and the

Threemile Timber Harvest EIS. Both of these market demand projections were arbitrary

and capricious. Docket No. 120 at 12. Thus "the foundation for the Forest Service's

subsistence finding has washed away," and the conclusion that the timber sale was

"necessary" was arbitrary *Id.*

These failures by the agency to follow its own procedures or the advice of its own

experts reveal that the Forest Service's position was not substantially justified. The

_____

*Organized Village of Kake, et al. v.*
*U.S. Forest Service, et al.*
1:04-cv-0029-(JKS)

8

government cannot carry its burden of showing otherwise.  Finally, there are no special

circumstances that would make an award of fees unjust.

**V.    THE FEES AND COSTS SOUGHT BY APPLICANTS ARE REASONABLE.**

The reasonableness of an attorney fee request is determined by first calculating the

"lodestar" amount described in *U.S. v. $12,248 U.S. Currency*, 957 F.2d 1513, 1520 (9th

Cir. 1991) (applying lodestar method to fee recovery under EAJA).  The lodestar is

determined "by multiplying the number of hours reasonably expended on litigation by a

reasonable hourly rate."  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir.

1986), *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).  There is a strong

presumption that the lodestar figure represents a reasonable fee.  *Jordan v. Multnomah

County*, 815 F.2d 1258, 1262 (9th Cir. 1987).

Applicants seek a lodestar award of $108,853.42 in attorney's fees.  This lodestar

amount represents the hours reasonably necessary to successfully prosecute this case,

multiplied by a reasonable hourly rate for the work performed by each attorney, summer

law clerk, or paralegal.  The sections below detail the calculation of reasonable hours, the

calculation of reasonable hourly rates, and the calculation of reasonable expenses.

**A.    The Number of Hours Sought is Reasonable**.

Applicants request fees for 331.7 hours of attorney time and an additional 70.7

hours of time expended on behalf of the attorneys by paralegals and summer law clerks.

As explained in the attached declaration of counsel, this was a reasonable number of

hours.

_____
*Organized Village of Kake, et al. v.
U.S. Forest Service, et al.*
1:04-cv-0029-(JKS)

Although, of course, Applicants did not prevail on every issue before the Court during the course of the litigation, they are entitled to fees for all hours reasonably expended.  If the hours claimed were reasonably necessary to prosecute the case, and the Applicants obtained a substantial portion of the relief they sought, fees for all of the Applicants' hours should be awarded.  *City of Riverside v. Rivera*, 477 U.S. 561, 572 (1986) (awarding all fees, despite failure to prevail on all issues); *see also Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (awarding all fees where settlement agreement did not grant all relief or require agency to make all changes sought in the litigation).  In this case, Applicants received all the relief they sought and are therefore entitled to an award of full reasonable fees.

The Supreme Court has held, "Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also U.S. v. Real Property Known as 22249 Dolorosa Street, Woodland Hills, Cal.*, 190 F.3d 977, 985 (9th Cir. 1999) (applying *Hensley* to EAJA case).  Further, in this case, Applicants stipulated pursuant to a previous settlement agreement that they would not seek fees for time spent on the issues resolved in *Natural Resources Defense Council v. U.S. Forest Service*, 421 F.3d 797 (9th Cir. 2005), or on the subsequent settlement of relief issues in that case and related cases.  Docket No. 127 at 2-3, ¶¶ 5-6.

Accordingly, the undersigned counsel has reviewed all time entries for this case and redacted a significant number of hours spent on time deemed inappropriate for

_____

*Organized Village of Kake, et al. v.*
*U.S. Forest Service, et al.*
1:04-cv-0029-(JKS)

10

billing.  *See* Exhibit 6 at 4 (Decl. of Counsel ¶ 8).  Specifically, counsel deleted entries

for time spent on:  the administrative appeal; claims not pursued; the amended complaint

(which dropped claims); the stipulation to amend the complaint; claims or relief

addressed in the *Natural Resources Defense Council* litigation and settlement; and media.

In addition, there were two motions that related only to Intervenor Alaska Forest

Association (AFA):  the motion to intervene, Docket No. 8A; and Plaintiffs' motion to

strike, Docket No. 55.  Because the government did not take positions on these motions,

Applicants do not seek recovery of costs or fees for them and deleted all time entries

related to these motions.  As a result of these deletions, all of the time for which recovery

is sought falls into five categories:  the complaint; the opening brief on the merits of

Counts V and IX; the reply brief on those counts; general case management and

procedural issues; and this application for attorney's fees.  *See* Exhibit 6 at 4-5 (Decl. of

Counsel ¶¶ 8-9).  The declaration also attaches detailed, contemporaneous time sheets

separated by attorney and phase of the litigation, and summaries thereof.  *See id.* at 10-20

(Attachments 1-3).  This showing establishes that the hours claimed are reasonable.

 Given these facts, the Applicants' total requested hours are reasonable, particularly

when compared to the excellent results obtained in the litigation.  *See Sorenson*, 239 F.3d

at 1147 (upholding district court award of full fees for plaintiffs who achieved the goal of

their action); *see also Hensley*, 461 U.S. at 438.  Given the complexity of the underlying

market demand issues in this case, the duration of the case, the results achieved, and the

_____

*Organized Village of Kake, et al. v.*
*U.S. Forest Service, et al.*
1:04-cv-0029-(JKS)

11

billing judgment exercised by counsel, the hours for which Applicants request

reimbursement are reasonable.

    **B.    The Hourly Rates are Reasonable.**

    EAJA provides that attorney's fees may exceed the statutory cap ($125 per hour)

when an increase in the cost of living or a special factor such as the limited availability of

qualified attorneys for the proceedings involved justifies a higher fee.  28 U.S.C.

§ 2412(d)(2)(A)(ii); *see Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991); *Pirus v.*

*Bowen*,  869 F.2d 536, 541 -542 (9th Cir. 1989).  Both the increase in the cost of living

and special factors warrant a higher hourly fee for counsel for Applicants in this case.

    1.    Cost of Living Adjustment.

    EAJA allows for cost of living adjustments in the statutory rate.  *Ramon-*

*Sepulveda v. INS*, 863 F.2d 1458, 1463 (9th Cir. 1988).  To determine the increased rate,

one multiplies the current statutory rate cap ($125) and the Consumer Price Index-Urban

(CPI-U) for the year in which the fees were earned, then divides the product by the

CPI-U in the month the cap was imposed (March 1996).  *Sorenson*, 239 F.3d at 1148.

According to the U.S. Bureau of Labor Statistics, the national CPI-U in March 1996 was

155.7.  *See* Exhibit 8 (CPI-U Report, Bureau of Labor Statistics, http://www.bls.gov/

data).  The annual national CPI-U for 2004, 2005, 2006, and 2007 were 188.9, 195.3,

201.6, and 207.3, respectively.  The average national CPI-U for January through April

2008 (the most recent data available) was 212.8.  The statutory EAJA rate for each of

_____
*Organized Village of Kake, et al. v.*
*U.S. Forest Service, et al.*
1:04-cv-0029-(JKS)

these years is set forth in the table below, using the formula $125 x [CPI-U for the

relevant year] / 155.7, rounded to the nearest dollar:

| Year | Rate |
|------|------|
| 2004 | $152/hour |
| 2005 | $157/hour |
| 2006 | $162/hour |
| 2007 | $166/hour |
| 2008 | $171/hour |

2.    Special Factor.

Applicants seek an additional upward adjustment for four of the attorneys – Tom

Waldo, Michael LeVine, Eric Jorgensen, and Niel Lawrence – to account for their

specialized expertise in environmental law.  The Supreme Court considered the question

of what constitutes a "special factor" justifying a fee higher than the statutory rate in

*Pierce v. Underwood*, 487 U.S. 552, 572 (1988).  The Court concluded that Congress

intended to allow for fees over the statutory limit when the litigation called for "attorneys

having some distinctive knowledge or specialized skill needful for the litigation in

question." *Id.* at 572.  The Ninth Circuit has developed a three-part test for this

determination. *See Love v. Reilly*, 924 F.2d at 1496.  First, the attorney must possess

distinctive knowledge and skills developed through a practice specialty. *Id.*  Second,

those distinctive skills must be needed in the litigation. *Id.*  Third, those skills must not

be available elsewhere at the statutory rate. *Id.* (citing *Pirus v. Bowen*, 869 F.2d 536,

541-42 (9th Cir. 1989)).  All of these factors were present in this case.

_____

*Organized Village of Kake, et al. v.*
*U.S. Forest Service, et al.*
1:04-cv-0029-(JKS)

The courts in this circuit have recognized environmental litigation as a practice specialty that requires distinctive knowledge. *Love*, 924 F.2d at 1496 (citing *Animal Lovers Volunteer Ass'n v. Carlucci*, 867 F.2d 1224, 1226 (9th Cir. 1989)). Attorney's fees in excess of the statutory cap are awarded when expertise in environmental litigation is necessary in the case. *See, e.g., National Wildlife Federation v. FERC*, 870 F.2d 542, 547 (9th Cir. 1989); *Golden Gate Audubon Soc'y v. United States Army Corp of Engineers*, 738 F. Supp. 339, 343-44 (N.D. Cal. 1988); *Washington Dep't of Wildlife v. Stubblefield*, 739 F. Supp. 1428, 1433 (W.D. Wash. 1989) (recognizing public interest environmental litigation as a "discrete, specialized field of practice," and noting that "the combination of substantive legal knowledge and litigation expertise possessed by [Plaintiff's] counsel, the [Sierra Club Legal Defense Fund, now known as Earthjustice] attorneys, is found almost exclusively in public interest law firms like the Legal Defense Fund."); *see also S.W. Center for Biological Diversity v. Berg*, 2007 WL 2506605 *1, *4-6 (S.D. Cal., Aug. 30, 2007) (granting hourly rates of up to $460 for pro-bono attorneys in a case brought pursuant to the Endangered Species Act). An upward adjustment is merited in this case.

The public interest federal environmental litigation expertise developed by counsel for Applicants over the course of their respective careers was necessary for successful prosecution of this case, which required specialized knowledge of the NEPA, ANILCA, the Tongass Timber Reform Act, and the Tongass timber sale program. *See* Exhibit 6 at 5-8 (Decl. of Counsel ¶¶ 12-18); Exhibit 4 at 2-3 (Decl. of Eleanor Huffines ¶¶ 4-5).

_____

*Organized Village of Kake, et al. v.*
*U.S. Forest Service, et al.*
1:04-cv-0029-(JKS)

14

The necessity for this expertise is underscored by the similar staffing of this case with

specialists by both the Department of Justice and Intervenor-Defendant AFA.

Finally, practitioners experienced with federal public interest environmental

litigation are unavailable at the statutory rate.  This case was staffed by attorneys from the

non-profit organizations Earthjustice and the Natural Resources Defense Council

(NRDC).  There are not many attorneys who are capable of prosecuting significant public

interest environmental litigation at the level required by this case, and even fewer

attorneys who would be willing to take on a case of this magnitude and duration.  *See*

Exhibit 7 at 3 (Decl. of Richard D. Monkman ¶ 7) ("I believe that it would be very

difficult for a person to find an attorney in Alaska with expertise in environmental

litigation who would bring a lawsuit against a federal agency and charge rates less than

[the rates requested].").  The pool of qualified attorneys is further diminished because, as

this case has amply demonstrated, litigation of this type tends to be prolonged and require

substantial investment of resources, and attorney's fees are often secured only after great

delay.  There are few if any law firms that would take this case on a pro bono basis, with

only the possibility of fee recovery at a much later date.  As the Alaska Regional Director

of The Wilderness Society testified, "The Wilderness Society could not have brought this

case without the services of qualified pro bono counsel…  I do not know of any other

lawyers other than Earthjustice or NRDC who were competent and available to represent

us on a pro bono basis."  Exhibit 4 at 2 (Decl. of Eleanor Huffines ¶ 4).  Other

representatives of the Applicants similarly testified to the fact that, absent the availability

_____

*Organized Village of Kake, et al. v.*
*U.S. Forest Service, et al.*
1:04-cv-0029-(JKS)

15

of services from Earthjustice and NRDC, they would not have been able to afford

representation to bring this lawsuit. *See*, *e.g.*, Exhibit 1 at 2-3 (Decl. of Gary Williams ¶¶

4-5); Exhibit 3 at 2-3 (Decl. of Russell Heath ¶¶ 4-5).

Applicants therefore seek an award of fees for the following attorneys and

professional staff at the following hourly rates:

| | | | |
|---|---|---|---|
| Tom Waldo | 187.20 hours | @ $ 350/hour: | 65,520.00 |
| Michael LeVine | 95.59 hours | @ $ 250/hour: | 23,897.50 |
| Eric Jorgensen | 9.90 hours | @ $ 350/hour: | 3,465.00 |
| Niel Lawrence | 6.40 hours | @ $ 350/hour: | 2,240.00 |
| Erik Grafe | 19.50 hours | @ $ 171/hour: | 3,334.50 |
| Kate Glover | 5.72 hours | @ $ 157/hour: | 898.04 |
| Layla Hughes | 5.67 hours | @ $ 157/hour: | 890.19 |
| Demian Schane | 1.67 hours | @ $ 157/hour: | 262.19 |
| Law Clerks | 60.87 hours | @ $ 125/hour: | 7,608.75 |
| Paralegal | 9.83 hours | @ $ 75/hour: | 737.25 |

TOTAL:    $108,853.42

*See* Exhibit 6 at 10 (Decl. of Counsel, Attachment 1). A detailed description of the

qualifications and expertise of each attorney and their hourly rates is provided in the

attached declaration of counsel. *See id.* at 5-9, ¶¶ 13-20.

The hourly rates sought for Earthjustice and NRDC attorneys are well within the

rates charged by lawyers with comparable special expertise in Alaska. Alaska lawyers at

satellite offices of national law firms with special expertise "typically bill at rates of $300

to $575 per hour, for non-profit and for-profit clients alike." Exhibit 7 at 2 (Decl. of

Richard D. Monkman ¶ 4). Earthjustice and NRDC are national non-profit law firms that

specialize in environmental law and employ attorneys with special expertise in

environmental and administrative law. A billing rate of $350 per hour for lawyers with

_____
*Organized Village of Kake, et al. v.*
*U.S. Forest Service, et al.*
1:04-cv-0029-(JKS)

16

over ten years experience is well within the range of reasonable rates in Alaska. *Id.* at 3,

¶ 6. For less experienced attorneys who have special expertise, $250 per hour is a

reasonable rate. *Id.*

### C.    The Expenses are Reasonable.

Applicants request reimbursement of $537.54 for reasonable expenses in this case.

*See* Exhibit 6 at 21 (Decl. of Counsel, Attachment 4). Applicants' reasonable recoverable

expenses include court costs, postage, copies, and computerized legal research. *See*

*International Woodworkers v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1986) (prevailing

party entitled to recover telephone, postage, air courier, and attorney travel expenses). As

with attorney's fees, Applicants deleted costs related to issues that are not recoverable in

this motion. *See* Exhibit 6 at 9 (Decl. of Counsel ¶ 23).

### CONCLUSION

For the foregoing reasons, the Court should award the attorney's fees and costs

requested in this application.

Respectfully submitted this 27th day of May, 2008,

   /s/ Thomas S. Waldo

Thomas S. Waldo
Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
Ph: 907-586-2751
Fax: 907-463-5891
Email: twaldo@earthjustice.org

_____

*Organized Village of Kake, et al. v.*
*U.S. Forest Service, et al.*
1:04-cv-0029-(JKS)

Nathaniel S.W. Lawrence
NATURAL RESOURCES DEFENSE
COUNCIL
3723 Holiday Drive, SE
Olympia, WA 98501
Ph: 360-534-9900
Fax: 360-534-9909
Email: nlawrence@nrdc.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Thomas S. Waldo, certify that on May 27, 2008, a copy of the foregoing
APPLICATION OF PLAINTIFFS ORGANIZED VILLAGE OF KAKE, SOUTHEAST
ALASKA CONSERVATION COUNCIL, NATURAL RESOURCES DEFENSE COUNCIL,
THE WILDERNESS SOCIETY, AND CENTER FOR BIOLOGICAL DIVERSITY FOR
ATTORNEY'S FEES AND EXPENSES and attachments—exhibits and PROPOSED
ORDER—was served electronically on Lori Caramanian, Steve Silver, and Amy Gurton Mead.

/s/ Thomas S. Waldo
Thomas S. Waldo

*Organized Village of Kake, et al. v.*
*U.S. Forest Service, et al.*
1:04-cv-0029-(JKS)

18

**TABLE OF EXHIBITS**

**Ex. No.**        **Description**

1        Declaration of Gary E. Williams, Executive Director Organized Village of
         Kake, (May 20, 2008)

2        Declaration of Sharon Buccino, Lands Program Director for the Natural
         Resources Defense Council, (May 14, 2008)

3        Declaration of Russell Heath, Executive Director, Southeast Alaska
         Conservation Council, (May 14, 2008)

4        Declaration of Eleanor Huffines, Alaska Regional Director, The Wilderness
         Society, (May 21, 2008)

5        Declaration of Kieran Suckling, Executive Director, Center for Biological
         Diversity, (May 19, 2008)

6        Declaration of Tom Waldo, Counsel for Applicants, (May 27, 2008)

7        Declaration of Richard D. Monkman, Partner, Sonosky, Chambers, Sachse,
         Miller & Munson, LLP, (May 13, 2008)

8        *Consumer Price Index – All Urban Consumers*, U.S. Department of Labor,
         Bureau of Labor Statistics, http://www.bls.gov/data

_____

*Organized Village of Kake, et al. v.*
*U.S. Forest Service, et al.*
1:04-cv-0029-(JKS)