Thomas S. Waldo
Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Ph: 907-586-2751
Fax: 907-463-5891
Email: twaldo@earthjustice.org

Nathaniel S.W. Lawrence
NATURAL RESOURCES DEFENSE COUNCIL
3723 Holiday Drive, SE
Olympia, WA 98501
Ph: 360-534-9900
Fax: 360-534-9909
Email: nlawrence@nrdc.org

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORGANIZED VILLAGE OF KAKE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | Case No. 1:04-cv-0029-JKS |
| v. ) | |
| ) | |
| ) | |
| UNITED STATES FOREST SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF COUNSEL IN SUPPORT OF
## APPLICATION FOR ATTORNEY'S FEES AND COSTS

I, Thomas S. Waldo, declare as follows:

1.  I am a staff attorney in the Juneau office of Earthjustice, formerly the Sierra

Club Legal Defense Fund. I have been lead counsel for the plaintiffs in this case from its

**Exhibit 6, Page 1 of 21**

inception.  I submit this declaration in support of the application of the Organized Village

of Kake, Southeast Alaska Conservation Council, The Wilderness Society, and Center for

Biological Diversity ("Applicants") for an award of attorney's fees and expenses under

the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

2.  This declaration addresses: (a) the time spent in prosecuting the case by

counsel for the applicants; (b) the professional qualifications and experience of the

attorneys; (c) the hourly rates and appropriateness of enhanced rates; and (d) the

reasonable fees and expenses sought for these services under EAJA.

3.  Earthjustice is a non-profit law firm that practices public interest

environmental law exclusively.  Earthjustice specializes in environmental litigation that

sets important precedents regionally and nationally, and that would not otherwise be

brought by the private bar due to complexity, expertise, duration, or financial constraints.

This case is a good example.  The case spanned over 3-1/2 years.  The claims litigated

centered on the details of complex models developed and used by the Forest Service to

determine market demand for timber and how much timber to offer each year in the

Tongass National Forest.  It was also related to a previous case involving Tongass timber

market demand litigated by Earthjustice.  *See Natural Resources Defense Council v. U.S.*

*Forest Service*, 421 F.3d 797 (9th Cir. 2005).  It was further related to Native subsistence

uses on the Tongass under section 810 of the Alaska National Interest Lands

Conservation Act (ANILCA), which Earthjustice has also litigated previously.  *See*, *e.g.*,

*Hoonah Indian Ass'n v. Morrison*, 170 F.3d 1223 (1999); *Alaska Wilderness Recreation*

*& Tourism Ass'n v. Morrison*, 67 F.3d 723 (9th Cir. 1995).  Earthjustice's extensive

**Exhibit 6, Page 2 of 21**

experience with public land law in Alaska, and with the Tongass in particular, was invaluable in this case.  It is unlikely that any other law firm would have brought this case.

4.  A total of six other attorneys in this office also worked on this case at various times, all of whom are admitted to the Alaska bar.  Eric Jorgensen is the managing attorney in the office, and he participated throughout the case, primarily by reviewing briefs and providing strategic consultation.  He also supervised the case whenever I was out.  Michael LeVine reviewed the record, developed the market demand claims, and wrote the NEPA argument in the opening brief, among other tasks.  Erik Grafe wrote the initial drafts of the documents for the EAJA application and obtained needed declarations.  Kate Glover, Layla Hughes, and Demian Schane performed cite checks at various times.

5.  Earthjustice co-counseled this case with Niel Lawrence of the Natural Resources Defense Council (NRDC).  Mr. Lawrence participated throughout the case.  In the phases of the case for which Applicants seek attorney's fees, his roles were primarily reviewing draft briefs and consulting on strategic questions.

6.  In addition to the attorneys, we also used the services of a paralegal and three summer law clerks.  They conducted legal research, prepared declarations of members of the plaintiff groups to establish standing, cite-checked briefs, and prepared some pleadings.

7.  Each attorney, summer clerk, and paralegal kept detailed, contemporaneous time records from the inception of the case.  At Earthjustice, we use a computerized

**Exhibit 6, Page 3 of 21**

timekeeping system that can be used in two ways.  First, one can enter time automatically while working on a task by using the application's stop clock, which records the time to the nearest second.  Second, one can record time after the task is completed by entering the time manually, in which case we usually round our time to the nearest tenth of an hour.  We use both methods, depending on the circumstances.

8.  I have reviewed the time records for everyone from this office and from NRDC who worked on the case.  Using independent judgment, I have deleted hours that were excessive, inadequately explained, or otherwise inappropriate for billing.  Previously in this case, we stipulated pursuant to another settlement agreement that we would not ask for attorney's fees or costs for time spent on the claims or relief covered in the *Natural Resources Defense Council* litigation and settlement, and would limit our request in this case to time and costs associated with Counts V and IX.  Following these principles, I deleted entries for time spent on:  the administrative appeal; claims not pursued; the amended complaint (which dropped claims); the stipulation to amend the complaint; claims or relief addressed in the *Natural Resources Defense Council* litigation and settlement; and media.  In addition, there were two motions that related only to Intervenor Alaska Forest Association (AFA):  the motion to intervene, Docket No. 8A; and Plaintiffs' motion to strike, Docket No. 55.  Because the Federal Defendants did not take positions on these motions, I deleted all time entries related to these motions.  Applying all of these principles, I deleted nearly half of the hours recorded by Earthjustice attorneys, clerks, and paralegals on this case.

**Exhibit 6, Page 4 of 21**

9.  As a result of these deletions, all of the time for which recovery is sought falls into five categories:  the complaint; the opening brief on the merits of Counts V and IX; the reply brief on those counts; general case management and procedural issues; and the application for attorney's fees and costs.

10.  The billable hours claimed are specified in detail for all timekeepers in Attachment 3.  In my professional opinion, the hours specified were necessary to litigate this case.  I have summarized the hours by attorney and phase of the case in Attachment 2.

11.  Earthjustice and NRDC are non-profit corporations that represent their clients pro bono.  We ask our clients only to pay out-of-pocket litigation costs, such as filing fees, photocopying, delivery, travel, computerized legal research, and the like.  Because we do not bill our clients for our time, our attorneys do not have established hourly billing rates.

12.  Reasonable hourly rates can be established by reference to the actual rates charged by attorneys of similar experience and expertise in private practice.  All of the Earthjustice and NRDC attorneys are specialists in environmental litigation.  I have included with the application for fees the declaration of Richard D. Monkman, a partner in the Juneau office of the national law firm of Sonosky, Chambers, Sachse, Miller & Munson, LLP, to support the hourly rates we claim.

13.  I believe that Eric Jorgensen, Niel Lawrence, and I qualify for an enhanced rate of $350/hour as experienced environmental specialists.  This is well within the range

**Exhibit 6, Page 5 of 21**

of hourly rates charged by highly experienced specialists in Alaska, as explained in the declaration of Richard D. Monkman.

14.     I practice exclusively in the area of natural resources law.  I received my J.D. from Stanford Law School in 1987.  I spent one year as law clerk to Chief Justice Jay A. Rabinowitz of the Alaska Supreme Court, approximately one year with the Minnesota Attorney General's office working on energy conservation and public utility issues, and eighteen years with Earthjustice in Alaska.  My career with Earthjustice has focused entirely on environmental law, and mostly on federal public lands law in Alaska. The single biggest component of my case load has involved timber sales in the Tongass National Forest.  Among the Tongass cases I have litigated, either as lead counsel or in a back-up role, prior to this case are:  *City of Tenakee Springs v. Clough*, 915 F.2d 1308 (9th Cir. 1990); *City of Tenakee Springs v. Franzel*, 960 F.2d 776 (9th Cir. 1992); *The Wildlife Society v. Barton*, No. J93-001 CV (HRH) (D. Alaska) (unpublished); *Alaska Wilderness Recreation & Tourism Ass'n v. Morrison*, 67 F.3d 723 (9th Cir. 1995); *Friends of Southeast's Future v. Morrison*, 153 F.3d 1059 (9th Cir. 1998); *Narrows Conservation Council v. Grantham*, 166 F.3d 1218 (9th Cir. 1999) (unpublished); *Hoonah Indian Ass'n v. Morrison*, 170 F.3d 1223 (1999); *Sierra Club v. Rey*, No. J00-009 CV (JKS) (unpublished); and *Natural Resources Defense Council v. U.S. Forest Serv.*, 421 F.3d 797 (9th Cir. 2005).  I have also litigated cases in federal court involving the Chugach National Forest and other federal public lands in Alaska.  The background I obtained litigating these cases has made me closely familiar with the language, regulations, case law, and legislative history of the principal statutes at issue in this case:

**Exhibit 6, Page 6 of 21**

NEPA, ANILCA, and the Tongass Timber Reform Act. This was invaluable to me in litigating this case. These cases also gave me considerable background in the facts of the Tongass timber sale program. Most of these cases involved, at least in part, disputes over the market demand for Tongass timber, which was the central issue in this case.

15.     Mr. Jorgensen also practices exclusively in the area of natural resources law. He received his J.D. from the University of Virginia Law School in 1983 and spent one year as law clerk to Chief Judge James R. Browning of the U.S. Court of Appeals for the Ninth Circuit. He then worked for four years in the Washington, D.C. office of Earthjustice (known then as Sierra Club Legal Defense Fund). Since October 1988 he has worked in this office and has been the managing attorney since 1990. Like me, Mr. Jorgensen focuses primarily on federal public lands law. He also participated with me in each of the lawsuits cited in the preceding paragraph, and others. His experience was helpful to me in litigating this case.

16.     Niel Lawrence is a 1986 graduate of Harvard Law School. Since that time, his practice has focused exclusively on environmental law. He served for 2-1/2 years as an Assistant Attorney General in the office of the Massachusetts Attorney General. Since then, he has been an attorney at NRDC and is currently the director of NRDC's Forestry Project specializing in matters relating to the National Forest System. In that capacity, he has appealed and litigated timber sale decisions and national forest management plans throughout the West. He is an expert in the National Environmental Policy Act (NEPA), regularly serving as a faculty member on environmental review courses offered by, among others, the American Law Institute and the American Bar Association. Mr.

**Exhibit 6, Page 7 of 21**

Lawrence has been involved in legal and other advocacy relating to timber sales on the Tongass National Forest for 16 years.

17.    I believe Michael LeVine qualifies for an enhanced rate of $250/hour as an environmental specialist.  This is the normal hourly rate for specialists in Alaska with less than ten years experience, as explained in the declaration of Richard D. Monkman.

18.    Mr. LeVine has devoted his practice exclusively to environmental law.  He received a B.S. in Civil and Environmental Engineering from Cornell University, and a joint J.D. and Masters in Environmental Management from Duke University in 2000.  He clerked one year for Judge Catherine C. Blake of the U.S. District Court for the District of Maryland, and another year for Judge Stanley Marcus of the U.S. Court of Appeals for the Eleventh Circuit.  He then worked in our office as an associate attorney for three years and as a project attorney for another 1-1/2 years.  During that time, he contributed substantially to our work in *Natural Resources Defense Council v. U.S. Forest Service*, 421 F.3d 797 (9th Cir. 2005), among other cases.  He helped us develop the market demand claim that was the focus of that case.  In part due to his engineering background, he has excellent quantitative skills and was able to help us decode the complex market demand models used by the Forest Service.  He became our resident expert on these models, which was central to the claims litigated in this case.  He developed the NEPA claim initially and wrote the NEPA arguments in the opening brief.

19.    For the other attorneys, we are seeking the hourly rate provided in the Equal Access to Justice Act (EAJA), as adjusted for inflation.  As set forth in the application for attorney's fees, the inflation adjusted rates are as follows:

**Exhibit 6, Page 8 of 21**

| Year | Rate |
|------|------|
| 2004 | $152/hour |
| 2005 | $157/hour |
| 2006 | $162/hour |
| 2007 | $166/hour |
| 2008 | $171/hour |

20.    For the non-attorneys, I believe that reasonable rates are $125/hour for summer law clerks and $75/hour for paralegals. This is based on discussions with attorneys in private practice.

21.    I have summarized the hours by timekeeper and hourly rate in Attachment 1 to this declaration.

22.    In light of the foregoing, I believe that Attachments 1, 2, and 3 represent reasonable and necessary attorney's fees in this case.

23.    I have also reviewed our costs in this case, which are set forth in Attachment 4. I have verified that the items are correct, the services have been actually and necessarily performed, and the disbursements have been necessarily incurred in this action in the phases of the case for which recovery is appropriate. The total costs are $537.54.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 27th day of May, 2008.

_Thomas S. Waldo_
Thomas S. Waldo

**Summary Table**

**Organized Village of Kake, et al. v. U.S. Forest Service, et al., No. 1:04-cv-0029-JKS**

| Name | Hours | Rate Dollars/Hour | Total Dollars |
|------|-------|-------------------|---------------|
| **Attorneys** | | | |
| Tom Waldo | 187.20 | 350 | 65,520.00 |
| Michael Levine | 95.59 | 250 | 23,897.50 |
| Eric Jorgensen | 9.90 | 350 | 3,465.00 |
| Niel Lawrence | 6.40 | 350 | 2,240.00 |
| Erik Grafe | 19.50 | 171 | 3,334.50 |
| Kate Glover | 5.72 | 157 | 898.04 |
| Layla Hughes | 5.67 | 157 | 890.19 |
| Demian Schane | 1.67 | 157 | 262.19 |
| **Attorney Subtotal** | **331.65** | | **100,507.42** |
| | | | |
| **Summer Clerks** | | | |
| Janet Boerboom | 20.75 | 125 | 2,593.75 |
| James Brand | 11.00 | 125 | 1,375.00 |
| Ryan Thomas | 29.12 | 125 | 3,640.00 |
| **Summer Clerks Subtotal** | **60.87** | | **7,608.75** |
| | | | |
| **Paralegal** | | | |
| Sarah Saunders | 9.83 | 75 | 737.25 |
| **Paralegal Subtotal** | **9.83** | | **737.25** |
| | | | |
| **Total** | **402.35** | | **108,853.42** |

**Attachment 1 (Page 1 of 1) to Exhibit 6, Page 10 of 21**

**Summary Table - Hours by Category**

**Organized Village of Kake, et al. v. U.S. Forest Service, et al., No. 1:04-cv-0029-JKS**

| Name | Complaint | Opening Brief | Reply Brief | Case Management | EAJA | Total |
|---|---|---|---|---|---|---|
| **Attorneys** | | | | | | |
| Tom Waldo | 18.70 | 36.63 | 52.08 | 64.12 | 15.67 | 187.20 |
| Michael Levine | 17.84 | 26.28 | 0.62 | 50.85 | | 95.59 |
| Eric Jorgensen | 3.00 | 2.20 | | 4.70 | | 9.90 |
| Niel Lawrence | 1.40 | 0.40 | 3.70 | 0.90 | | 6.40 |
| Erik Grafe | | | | | 19.50 | 19.50 |
| Kate Glover | | 5.72 | | | | 5.72 |
| Layla Hughes | | | | 5.67 | | 5.67 |
| Demian Schane | | | | 1.67 | | 1.67 |
| **Attorney Subtotal** | **40.94** | **71.23** | **56.40** | **127.91** | **35.17** | **331.65** |
| | | | | | | |
| **Summer Clerks** | | | | | | |
| Janet Boerboom | | | 20.75 | | | 20.75 |
| James Brand | | 11.00 | | | | 11.00 |
| Ryan Thomas | | | 29.12 | | | 29.12 |
| **Summer Clerk Subtotal** | **0.00** | **11.00** | **49.87** | **0.00** | **0.00** | **60.87** |
| | | | | | | |
| **Paralegal** | | | | | | |
| Sarah Saunders | | 7.25 | | 2.58 | | 9.83 |
| **Paralegal Subtotal** | **0.00** | **7.25** | **0.00** | **2.58** | **0.00** | **9.83** |
| | | | | | | |
| | **40.94** | **89.48** | **106.27** | **130.49** | **35.17** | **402.35** |

**Attachment 2 (Page 1 of 1) to Exhibit 6, Page 11 of 21**

**Time**

**Organized Village of Kake, et al. v. U.S. Forest Service, et al., No. 1:04-cv-0029-JKS**

<u>**Timekeeper: Tom Waldo**</u>

**Complaint**

| | | |
|---|---|---|
| 10/20/2004 | 1.88 | Review legal claims. |
| 10/24/2004 | 1.32 | Review legal claims. |
| 10/25/2004 | 2.27 | Review legal claims. |
| 10/26/2004 | 1.30 | Review potential claims. |
| 10/27/2004 | 0.28 | Review potential claims. |
| 10/28/2004 | 6.28 | Review potential claims. |
| 10/29/2004 | 0.23 | Review complaint issues. |
| 10/29/2004 | 1.40 | Meet w. Eric and Demian re claims. |
| 11/3/2004 | 0.55 | Telcon w. SEACC and OVK re litigation. |
| 11/3/2004 | 1.00 | Emails with co-counsel re issues for litigation. |
| 11/4/2004 | 0.52 | Review draft complaint; meet w. Mike re same. |
| 11/5/2004 | 1.67 | Review and edit complaint; meet w. Deirdre and Mike re same. |
| **Complaint Subtotal** | **18.70** | |

**Opening Brief**

| | | |
|---|---|---|
| 6/9/2005 | 0.68 | Review standing needs. |
| 6/24/2005 | 0.57 | Meet w. Catherine re standing declarations. |
| 6/24/2005 | 0.25 | Telcon w. Irene A. re standing declaration. |
| 6/27/2005 | 0.72 | Review draft Alexakos declaration; meet w. law clerk re same. |
| 6/28/2005 | 0.25 | Review Irene's declaration; telcon w. Irene re same. |
| 6/28/2005 | 0.25 | Meet w. Mike re market demand claim. |
| 6/29/2005 | 1.30 | Review standing declarations and needs; telcon w. Mike Jackson re same; email to clients re same. |
| 7/1/2005 | 0.20 | Telcon w. TWS re standing declarations. |
| 7/5/2005 | 1.25 | Meet w. law clerks re standing declarations. |
| 7/25/2005 | 0.25 | Review draft Beebe declaration; meet w. clerk re same. |
| 7/28/2005 | 0.22 | Review revised draft Beebe declaration. |
| 7/29/2005 | 0.82 | Review OVK declarations; telcon w. OVK re same. |
| 8/1/2005 | 0.50 | Review ML draft brief. |
| 8/3/2005 | 0.30 | Meet w. law clerk re research for ANILCA claim. |
| 8/4/2005 | 0.20 | Telcon w. OVK re Threemile Arm. |
| 8/6/2005 | 1.77 | Draft Kadake declaration. |
| 8/7/2005 | 0.50 | Review ANILCA cases. |
| 8/7/2005 | 1.33 | Draft Kadake declaration. |
| 8/9/2005 | 0.05 | Telcon w. Niel re organizational declarations. |
| 8/9/2005 | 0.10 | Telcon w. OVK re declaration. |
| 8/9/2005 | 1.62 | Outline opening brief. |
| 8/9/2005 | 0.17 | Draft opening brief facts. |
| 8/10/2005 | 3.43 | Draft opening brief facts. |
| 8/11/2005 | 0.02 | Telcon w. June re standing declaration. |
| 8/11/2005 | 1.23 | Draft opening brief facts. |
| 8/11/2005 | 0.32 | Outline ANILCA argument of opening brief. |
| 11/16/2005 | 1.72 | Review draft brief facts and market demand arguments; review case law re ANILCA; outline opening brief ANILCA issue. |
| 11/17/2005 | 1.47 | Draft ANILCA section of opening brief. |
| 11/17/2005 | 0.40 | Meet w. Sarah re record cites. |
| 11/19/2005 | 0.90 | Draft ANILCA section of opening brief. |

**Attachment 3 (Page 1 of 9) to Exhibit 6, Page 12 of 21**

**Time**

**Organized Village of Kake, et al. v. U.S. Forest Service, et al., No. 1:04-cv-0029-JKS**

| | | |
|---|---|---|
| 11/20/2005 | 1.07 | Draft ANILCA section of opening brief. |
| 11/21/2005 | 4.57 | Draft and edit opening brief; review exhibits. |
| 11/22/2005 | 2.68 | Review and edit opening brief. |
| 11/23/2005 | 5.55 | Review, edit, cite-check, proof and sign opening brief. |
| **Opening Brief Subtotal** | **36.63** | |

**Reply Brief**

| | | |
|---|---|---|
| 1/20/2006 | 0.52 | Review Govt. opp. br. |
| 1/23/2006 | 0.70 | Review Govt. opp. br. |
| 1/30/2006 | 0.38 | Review govt opp. br. |
| 1/30/2006 | 0.85 | Review issues for reply br. |
| 2/1/2006 | 1.28 | Meet w. Kate and Mike re reply br. |
| 2/10/2006 | 0.30 | Review AFA brief; email co-counsel re same. |
| 2/11/2006 | 0.20 | Review opp. br. exhibits. |
| 2/24/2006 | 0.40 | Review AFA br. and Graham declaration. |
| 7/30/2007 | 4.77 | Review govt and AFA briefs re site-specific claims; research re same; meet w. law clerk re same. |
| 7/31/2007 | 0.33 | Meet w. law clerk re research for reply br. |
| 7/31/2007 | 0.30 | Meet w. Mike re reply br. strategy. |
| 8/1/2007 | 1.87 | Outline reply br. |
| 8/2/2007 | 0.17 | Meet w. law clerk re judicial notice and admin. record. |
| 8/2/2007 | 1.37 | Outline reply br. |
| 8/3/2007 | 1.12 | Review clerk memo re extra-record evidence; meet w. Matt re same; research and review record re same. |
| 8/6/2007 | 1.90 | Review record re reply brief. |
| 8/7/2007 | 2.05 | Draft reply br. |
| 8/7/2007 | 3.73 | Review record re reply brief; outline reply brief; review clerk memo and cases re misleading EISs; meet w. law clerk re deference owed to Morse procedure. |
| 8/8/2007 | 3.52 | Draft reply br. |
| 8/9/2007 | 5.55 | Draft reply br. |
| 8/10/2007 | 6.42 | Draft reply br. |
| 8/11/2007 | 5.77 | Draft reply br. |
| 8/12/2007 | 3.25 | Review comments re reply br. and edit same. |
| 8/13/2007 | 5.35 | Meet w. clerks re cite-check, review, edit, and proof reply br. |
| **Reply Brief Subtotal** | **52.08** | |

**Case Management**

| | | |
|---|---|---|
| 10/25/2004 | 1.88 | Draft litigation recommendation memo to clients. |
| 10/26/2004 | 1.02 | Draft litigation recommendation memo to clients. |
| 10/27/2004 | 0.25 | Telcon w. prospective clients. |
| 10/27/2004 | 0.58 | Telcon w. Niel re prospective parties. |
| 10/29/2004 | 0.40 | Email w. co-counsel re clients. |
| 11/1/2004 | 0.48 | Telcon w. SEACC. |
| 11/2/2004 | 0.30 | Meet w. Mike re memo about case. |
| 11/2/2004 | 0.40 | Telcon w. SEACC re OVK. |
| 11/3/2004 | 0.53 | Review Mike's draft memo to OVK re litigation; meet w. Mike re same. |
| 11/4/2004 | 0.80 | Telcon w. OVK. |
| 11/9/2004 | 0.33 | Draft notices of related cases. |
| 11/11/2004 | 0.20 | Review and sign Notices of Related Cases. |

**Attachment 3 (Page 2 of 9) to Exhibit 6, Page 13 of 21**

**Time**

**Organized Village of Kake, et al. v. U.S. Forest Service, et al., No. 1:04-cv-0029-JKS**

| | | |
|---|---|---|
| 1/3/2005 | 0.30 | Telcon w. Eric and Niel re response to FS motion re admin. record. |
| 1/3/2005 | 0.35 | Review rules re response to motion after judge has ruled; email co-counsel re same. |
| 1/4/2005 | 0.23 | Research re effect of rider. |
| 1/4/2005 | 0.25 | Telcon w. OGC re electronic record. |
| 1/4/2005 | 0.80 | Meet w. Eric and Niel re electronic record cost issue. |
| 1/5/2005 | 0.22 | Telcon w. Tim Obst re record; email to co-counsel re same. |
| 1/5/2005 | 0.52 | Draft letter to Landon re record. |
| 1/5/2005 | 0.58 | Research re recovery of admin. record costs. |
| 1/13/2005 | 0.18 | Review scheduling order; email co-counsel re same. |
| 1/14/2005 | 1.20 | Review Mike's memo re judicial review rider; meet w. Mike re same. |
| 1/27/2005 | 1.95 | Review issues re claims, scheduling, intervention; telcon w. Niel re same. |
| 1/31/2005 | 1.25 | Meet w. Niel, Eric, Deirdre and Mike re case scheduling strategy. |
| 2/1/2005 | 0.60 | Telcon w. Landon re pre-trial schedule report. |
| 2/1/2005 | 0.70 | Telcon w. Eric and Niel re litigation strategy, scheduling report. |
| 2/2/2005 | 2.05 | Research re retroactive effect of judicial review rider; meet w. Mike re same. |
| 2/3/2005 | 0.38 | Meet w. Mike re retroactivity research. |
| 2/3/2005 | 1.13 | Read cases re retroactive application of statute. |
| 2/4/2005 | 0.00 | Telcon w. Landon re scheduling. |
| 2/4/2005 | 0.30 | Review issues re case scheduling. |
| 2/4/2005 | 2.13 | Read cases re retroactive application of statute. |
| 2/8/2005 | 0.22 | Telcon w. Landon re report to court. |
| 2/10/2005 | 0.18 | Telcon w. Landon re report to court; meet w. Mike re motion for extension. |
| 2/10/2005 | 0.97 | Meet w. Eric, Niel and Mike re scheduling issues. |
| 2/11/2005 | 0.28 | Review and edit draft joint motion for extension of time; email same to Landon. |
| 2/16/2005 | 0.75 | Review issues. |
| 2/17/2005 | 0.18 | Telcon w. Landon re report to court. |
| 2/17/2005 | 0.40 | Telcons w. Eric and Niel re report to court. |
| 2/17/2005 | 1.57 | Review issues. |
| 2/17/2005 | 1.95 | Draft report to court. |
| 2/18/2005 | 0.10 | Telcon w. Landon re report to court. |
| 2/18/2005 | 0.15 | Telcon w. Niel re report to court. |
| 2/18/2005 | 0.82 | Edit report to court. |
| 2/23/2005 | 0.38 | Meet w. Mike re motion for stay. |
| 2/25/2005 | 3.05 | Review and edit draft motion to stay. |
| 3/1/2005 | 0.77 | Email clients re status. |
| 3/10/2005 | 0.57 | Review Govt opp. to motion for stay; email co-counsel re same. |
| 3/14/2005 | 0.82 | Review issues for reply re motion to stay; meet w. Mike re same. |
| 3/17/2005 | 0.80 | Meet w. Mike re stay reply br.; research re same. |
| 3/19/2005 | 3.02 | Outline and draft reply re motion to stay. |
| 3/20/2005 | 1.22 | Review AFA's motion to accept late-filed brief and accompanying briefs and proposed orders; draf opp. to same. |
| 3/20/2005 | 2.38 | Draft reply re motion for stay. |
| 3/21/2005 | 0.18 | Telcon w. Niel re reply on stay motion and opp to AFA motion to accept late-filed brief. |
| 3/21/2005 | 0.25 | Meet w. Layla re cite-check of reply re motion for stay. |

**Attachment 3 (Page 3 of 9) to Exhibit 6, Page 14 of 21**

**Time**

**Organized Village of Kake, et al. v. U.S. Forest Service, et al., No. 1:04-cv-0029-JKS**

| | | |
|---|---|---|
| 3/21/2005 | 2.32 | Edit, proof and sign opp. to motion to accept late-filed brief. |
| 3/22/2005 | 5.05 | Edit, proof, and sign reply re motion for stay; meet and email w. co-counsel re same. |
| 4/2/2005 | 0.72 | Draft email update to clients. |
| 5/16/2005 | 0.10 | Telcon w. Landon re status report. |
| 5/16/2005 | 0.15 | Telcon w. Steve Silver re joint status report. |
| 5/16/2005 | 0.65 | Draft unopposed motion for extension of time. |
| 5/19/2005 | 0.28 | Proof and sign motion for extended time on status report; serve via email. |
| 6/2/2005 | 0.13 | Telcon w. Landon re briefing schedule. |
| 6/3/2005 | 1.28 | Emails w. opp. counsel re joint status report; draft and sign unopposed motion for extension and proposed order; emails w. co-counsel re same; email opp. counsel re same. |
| 6/6/2005 | 0.03 | Email opp. counsel re schedule. |
| 6/6/2005 | 1.77 | Review FS proposed briefing schedule; email co-counsel re same; draft proposed schedule. |
| 6/7/2005 | 0.73 | Review draft status report; Email to opp. counsel re draft report. |
| 7/26/2005 | 0.08 | Telcon w. Niel re status. |
| 8/6/2005 | 0.30 | Email OVK re case status after NRDC decision. |
| 8/11/2005 | 0.35 | Draft memo to clients re stay of proceedings. |
| 9/30/2005 | 0.25 | Review scheduling issues; email w. co-counsel re same. |
| 10/4/2005 | 0.13 | Review draft motion to extend stay; email co-counsel re same. |
| 11/3/2005 | 0.12 | Telcon w. Landon re status reports. |
| 11/3/2005 | 0.45 | Review Landon draft report to court. |
| 11/4/2005 | 0.20 | Telcon w. Niel re status report. |
| 11/7/2005 | 0.20 | Review revised draft status report; email co-counsel re same. |
| 11/7/2005 | 0.62 | Review draft status reports; telcon w. Landon re same. |
| 11/10/2005 | 0.10 | Telcon w. Landon re report to court. |
| 11/17/2005 | 0.15 | Telcon w. opp. counsel re extension of time. |
| 11/17/2005 | 0.20 | Review and edit Sarah's draft motion for extension of time. |
| 1/6/2006 | 0.10 | Email opp. counsel re govt request for extension of time. |
| 3/14/2006 | 0.20 | Email to clients re status of case. |
| 4/7/2006 | 0.17 | Email clients re status. |
| 5/22/2006 | 0.08 | Telcon w. Jackson re client call. |
| 9/26/2007 | 0.65 | Review dist. ct. decision on SJ. |
| 9/26/2007 | 1.27 | Email clients re court decision; telcons w. clients re same. |
| 11/26/2007 | 0.50 | Email clients re appeal. |
| 12/3/2007 | 0.20 | Email clients re FS protective" appeal." |
| 1/30/2008 | 0.10 | Telcon w. Circuit Mediator. |
| 4/23/2008 | 0.30 | Review DOJ motion to dismiss; email clients re same. |
| 4/23/2008 | 0.50 | Email DOJ re dismissal; email clients re same. |
| 4/24/2008 | 0.07 | Telcon w. SEACC re dismissal of case. |
| 4/24/2008 | 0.30 | Review order of dismissal; email clients re same; email co-counsel re EAJA. |

**Case Management Subtotal**       **64.12**

**EAJA**

| | | |
|---|---|---|
| 5/7/2008 | 1.23 | Collect materials needed for EAJA motion; meet w. Erik re same. |
| 5/10/2008 | 0.40 | Review files and email Erik re EAJA motion. |

**Attachment 3 (Page 4 of 9) to Exhibit 6, Page 15 of 21**

**Time**

**Organized Village of Kake, et al. v. U.S. Forest Service, et al., No. 1:04-cv-0029-JKS**

| | | | |
|---|---|---|---|
| | 5/12/2008 | 0.13 | Review files re EAJA materials. |
| | 5/13/2008 | 0.40 | Meet w. Erik re EAJA declarations; email w. Niel re same. |
| | 5/19/2008 | 1.15 | Review and edit timeslips for EAJA petition. |
| | 5/19/2008 | 0.20 | Meet w. Erik re EAJA standards. |
| | 5/20/2008 | 0.75 | Review cost bill for EAJA petition. |
| | 5/20/2008 | 1.02 | Review and edit draft EAJA petition. |
| | 5/20/2008 | 0.12 | Telcon w. OVK re declaration for EAJA motion. |
| | 5/20/2008 | 1.40 | Review and edit timeslips for EAJA motion. |
| | 5/21/2008 | 3.48 | Review and edit all parts of EAJA application. |
| | 5/22/2008 | 0.38 | Review and edit all parts of EAJA application. |
| | 5/27/2008 | 5.00 | Review and proof all parts of EAJA application. |
| **EAJA Subtotal** | | **15.67** | |

**Waldo Total**          **187.20**

**Timekeeper: Michael LeVine**

**Complaint**

| | | | |
|---|---|---|---|
| | 10/26/2004 | 0.20 | discussed complaint with TW |
| | 10/28/2004 | 1.18 | prepared complaint |
| | 10/29/2004 | 5.28 | drafted complaint |
| | 11/1/2004 | 3.13 | Reviewed and drafted complaint |
| | 11/4/2004 | 2.87 | anilca language for complaint |
| | 11/4/2004 | 5.17 | drafted complaint |
| **Complaint Subtotal** | | **17.84** | |

**Opening Brief**

| | | | |
|---|---|---|---|
| | 6/27/2005 | 2.73 | prepared for opening brief |
| | 6/28/2005 | 3.48 | prepared for opening brief |
| | 6/30/2005 | 1.72 | drafted market demand claim for opening brief |
| | 7/1/2005 | 0.78 | administrative record review |
| | 7/6/2005 | 2.00 | opening brief |
| | 7/7/2005 | 7.00 | drafted opening brief |
| | 8/7/2005 | 0.83 | discussed brief with Tom |
| | 8/9/2005 | 0.68 | opening brief |
| | 8/10/2005 | 4.97 | opening brief |
| | 8/11/2005 | 2.08 | opening brief and stipulation |
| **Opening Brief Subtotal** | | **26.28** | |

**Reply Brief**

| | | | |
|---|---|---|---|
| | 7/31/2007 | 0.62 | discussed reply brief with Tom; reviewed AFA brief |
| **Reply Brief Subtotal** | | **0.62** | |

**Case Management**

| | | | |
|---|---|---|---|
| | 11/3/2004 | 2.83 | OVK memorandum and teleconference; research |
| | 11/4/2004 | 0.80 | call with OVK and SEACC |
| | 11/8/2004 | 2.32 | notice of related cases; reviewed press release |
| | 11/9/2004 | 1.85 | notices of related cases |
| | 11/10/2004 | 0.38 | notices of related cases |
| | 11/11/2004 | 0.13 | notices of related cases |

**Attachment 3 (Page 5 of 9) to Exhibit 6, Page 16 of 21**

**Time**

**Organized Village of Kake, et al. v. U.S. Forest Service, et al., No. 1:04-cv-0029-JKS**

| | | |
|---|---|---|
| 11/12/2004 | 0.20 | e-mailed notices of related cases |
| 1/14/2005 | 1.68 | reviewed answer; discussed rider with Tom |
| 1/27/2005 | 0.17 | discussed claims with Tom |
| 1/31/2005 | 1.32 | planning meeting with Tom, Eric, Niel, and Deirdre |
| 2/2/2005 | 2.18 | rider retroactivity research |
| 2/3/2005 | 3.82 | rider retroactivity research; meet with Tom re same |
| 2/4/2005 | 0.50 | discuss rider with Tom; research re rider |
| 2/10/2005 | 0.65 | drafted motion for extension of time to file status report; discussed case with TW, EJ, NL |
| 2/23/2005 | 3.25 | discussed and drafted motion for stay of briefing schedule |
| 2/24/2005 | 7.53 | motion for stay of merits briefing |
| 2/25/2005 | 5.28 | motion for stay |
| 3/16/2005 | 4.18 | reply brief, motion to stay |
| 3/17/2005 | 5.73 | reply supporting motion to stay |
| 3/20/2005 | 1.90 | reply supporting motion for stay |
| 3/22/2005 | 2.78 | motion for stay reply |
| 6/6/2005 | 0.18 | reviewed joint status report |
| 10/12/2006 | 1.17 | reviewed docket entries; worked on report to court |

**Case Management Subtotal        50.85**

**Levine Total        95.59**

**Timekeeper: Eric Jorgensen**

**Compaint**

| | | |
|---|---|---|
| 11/5/2004 | 2.20 | Review and revise draft complaint/mtgs Deirdre and Mike re same/telcon Niel L re same |
| 11/5/2004 | 0.80 | Review draft complaint/mtg Tom, Deirdre and Mike re same |

**Complaint Subtotal        3.00**

**Opening Brief**

| | | |
|---|---|---|
| 11/22/2005 | 0.60 | Review draft opening brief |
| 11/23/2005 | 1.60 | Review opening brief/meeting Tom re edits |

**Opening Brief Subtotal        2.20**

**Case Management**

| | | |
|---|---|---|
| 1/3/2005 | 0.30 | telcon w Tom W/Niel L re record issues |
| 1/4/2005 | 0.80 | Meeting Tom and Niel re record/cost issues/followup |
| 1/5/2005 | 0.40 | Misc re record issues |
| 2/1/2005 | 0.70 | Telcon Tom and Niel re litigatio schedule/report to court |
| 2/10/2005 | 0.60 | Meeting Tom /Niel re report to court and litigation schedule |
| 3/22/2005 | 1.03 | Review draft stay reply/mtg Tom re same |
| 11/3/2005 | 0.20 | Review draft report to court |
| 11/4/2005 | 0.40 | Meeting re status report with TOm |
| 9/26/2007 | 0.27 | Review D Ct opinoin |

**Case Management Subtotal        4.70**

**Jorgensen Total        9.90**

**Attachment 3 (Page 6 of 9) to Exhibit 6, Page 17 of 21**

**Time**

**Organized Village of Kake, et al. v. U.S. Forest Service, et al., No. 1:04-cv-0029-JKS**

**Timekeeper: Niel Lawrence**

**Complaint**

| | | | |
|---|---|---|---|
| | 11/05/04 | 1.4 | Draft/revise complaint |
| **Complaint Subtotal** | | **1.4** | |

**Opening Brief**

| | | | |
|---|---|---|---|
| | 08/09/05 | 0.4 | Get client declarations into signed final form |
| **Opening Brief Subtotal** | | **0.4** | |

**Reply Brief**

| | | | |
|---|---|---|---|
| | 06/21/07 | 2.3 | Draft/revise Reply Brief Cts. V & IX |
| | 06/22/07 | 1.4 | Draft/revise reply brief |
| **Reply Brief Subtotal** | | **3.7** | |

**Case Management**

| | | | |
|---|---|---|---|
| | 02/17/05 | 0.2 | Draft/revise Rule 16 stmt |
| | 02/23/05 | 0.2 | conf w/ co-cnsl re stay motion |
| | 03/22/05 | 0.5 | Draft/revise Stay Reply |
| **Case Management Subtotal** | | **0.90** | |

| | | |
|---|---|---|
| **Lawrence Total** | **6.40** | |

**Timekeeper: Erik Grafe**

**EAJA**

| | | | |
|---|---|---|---|
| | 5/7/2008 | 1.17 | Meeting with TW and review of materials and EAJA and making a work plan |
| | 5/8/2008 | 0.50 | EAJA application work - research on presence of inelligible party; |
| | 5/8/2008 | 3.00 | Research re presence of non-qualifying party; research re tribal entities as parties; background research on case. |
| | 5/9/2008 | 1.00 | Further work on EAJA petition, including emails and call to Monkman; draft declarations for organization heads. |
| | 5/12/2008 | 3.50 | Motion drafted, multiple calls to clients re declarations, declarations drafted, legal research and case shepardizing |
| | 5/13/2008 | 6.83 | Fee application declarations revised, emails with declarants, meeting with TW re same, work on application memo, research on intervenor fees, review litigation documents for substantial justification prong, drafting memo. |
| | 5/14/2008 | 3.00 | Update citations in memo for fees; declarations for SEACC; calls re declarations for Kake |
| | 5/19/2008 | 0.25 | Calls and emails to clients chasing affidavits |
| | 5/20/2008 | 0.25 | Finalized huffines declaration; costs for summer interns for TW |
| **EAJA Subtotal** | | **19.50** | |

| | | |
|---|---|---|
| **Grafe Total** | **19.50** | |

**Attachment 3 (Page 7 of 9) to Exhibit 6, Page 18 of 21**

**Time**

**Organized Village of Kake, et al. v. U.S. Forest Service, et al., No. 1:04-cv-0029-JKS**

<u>**Timekeeper: Kate Glover**</u>

**Opening Brief**

| | | | |
|---|---|---|---|
| | 11/22/2005 | 5.10 | Cite-checking opening brief |
| | 11/23/2005 | 0.62 | Checking Instacite report |
| **Opening Brief Subtotal** | | **5.72** | |

**Glover Total**          **5.72**

<u>**Timekeeper: Layla Hughes**</u>

**Case Management**

| | | | |
|---|---|---|---|
| | 3/23/2005 | 5.67 | cite check reply re motion for stay. |
| **Case Management Subtotal** | | **5.67** | |

**Hughes Total**          **5.67**

<u>**Timekeeper: Demian Schane**</u>

**Case Management**

| | | | |
|---|---|---|---|
| | 2/25/2005 | 1.67 | Cite-checked motion for stay. |
| **Case Management Subtotal** | | **1.67** | |

**Schane Total**          **1.67**

<u>**Timekeeper: Janet Boerboom**</u>

**Reply Brief**

| | | | |
|---|---|---|---|
| | 8/1/2007 | 11.17 | Research re reply brief, NEPA Claim |
| | 8/15/2007 | 5.58 | Research re reply brief, NEPA Claim |
| | 8/15/2007 | 4.00 | Cite Check Reply Brief |
| **Reply Brief Subtotal** | | **20.75** | |

**Boerboom Total**          **20.75**

<u>**Timekeeper: James Brand**</u>

**Opening Brief**

| | | | |
|---|---|---|---|
| | 7/11/2005 | 2.50 | Standing declarations |
| | 7/18/2005 | 2.00 | Standing declarations |
| | 7/25/2005 | 3.50 | Standing declarations |
| | 7/26/2005 | 0.50 | Standing declarations |
| | 7/28/2005 | 1.50 | Standing declarations |
| | 8/1/2005 | 0.50 | Standing declarations |
| | 8/3/2005 | 0.50 | Standing declarations |
| **Opening Brief Subtotal** | | **11.00** | |

**Brand Total**          **11.00**

**Attachment 3 (Page 8 of 9) to Exhibit 6, Page 19 of 21**

**Time**

**Organized Village of Kake, et al. v. U.S. Forest Service, et al., No. 1:04-cv-0029-JKS**

<u>**Timekeeper: Ryan Thomas**</u>

**Reply Brief**

| | | | |
|---|---|---|---|
| | 7/31/2007 | 4.23 | Legal research regarding agency consideration of information under NEPA review. |
| | 8/3/2007 | 4.27 | Legal research regarding agency consideration of information under NEPA review. |
| | 8/6/2007 | 5.47 | Draft memorandum summarizing Ninth Circuit case law holding EIS inadequate for failing to discuss relevant information or scientific data. |
| | 8/8/2007 | 4.98 | Research case law regarding when an agency may be bound to follow interpretive rules or rules of agency practice and whether an agency must explain any deviation from an interpretive rule. |
| | 8/9/2007 | 2.85 | Draft memorandum regarding case law for when interpretive rules are binding on agency action. |
| | 8/9/2007 | 1.17 | Review case law regarding judicial review of agency departure from previous policies or standards. |
| | 8/10/2007 | 2.15 | Draft memorandum regarding arbitrary and capricious review of agency action inconsistent with a rule of agency practice. |
| | 8/13/2007 | 4.00 | Review and cite-check reply brief. |
| **Reply Brief Subtotal** | | **29.12** | |
| | | | |
| **Thomas Total** | | **29.12** | |

<u>**Timekeeper: Sarah Saunders**</u>

**Opening Brief**

| | | | |
|---|---|---|---|
| | 8/10/2005 | 0.50 | Search AR for exhibits |
| | 8/11/2005 | 0.75 | Search AR for exhibits |
| | 11/15/2005 | 1.00 | locate opening brief exhibits in admin. record |
| | 11/16/2005 | 3.00 | locate opening brief exhibits in admin. record |
| | 11/17/2005 | 2.00 | locate opening brief exhibits in admin. record, draft table of exhibits |
| **Opening Brief Subtotal** | | **7.25** | |

**Case Management**

| | | | |
|---|---|---|---|
| | 11/4/2004 | 1.75 | prepare summons, civil cover sheet |
| | 2/11/2005 | 0.33 | Draft affidavit of proof of service |
| | 11/17/2005 | 0.50 | Draft mot for extension of time and proposed order |
| **Case Management Subtotal** | | **2.58** | |
| | | | |
| **Saunders Total** | | **9.83** | |
| | | | |
| **Total** | | **402.35** | |

**Attachment 3 (Page 9 of 9) to Exhibit 6, Page 20 of 21**

**Costs**

**Organized Village of Kake, et al. v. U.S. Forest Service, et al., No. 1:04-cv-0029-JKS**

Court Fees

| | | | | |
|---|---|---|---|---|
| 11/30/2004 | Clerk, U.S. District Court | Filing Fee | 150.00 | |
| | | Subtotal | | 150.00 |

Research Costs

| | | | | |
|---|---|---|---|---|
| 10/31/2004 | Westlaw | Legal Research | 14.58 | |
| 11/30/2004 | Westlaw | Legal Research | 5.72 | |
| 2/28/2005 | Westlaw | Legal Research | 25.99 | |
| 3/31/2005 | Westlaw | Legal Research | 1.82 | |
| 8/31/2005 | Westlaw | Legal Research | 1.49 | |
| 11/30/2005 | Westlaw | Legal Research | 52.21 | |
| 6/30/2006 | Westlaw | Legal Research | 3.22 | |
| 7/31/2006 | Pacer Service Center | Legal Research | 1.36 | |
| 10/31/2006 | Pacer Service Center | Legal Research | 0.24 | |
| 8/31/2007 | Westlaw | Legal Research | 8.31 | |
| | | Subotal | | 114.94 |

Postage

| | | | | |
|---|---|---|---|---|
| 11/30/2004 | | Postage | 46.81 | |
| 11/30/2005 | | Postage | 37.19 | |
| | | Subtotal | | 84.00 |

Photocopying and Reproduction

| | | | | |
|---|---|---|---|---|
| 11/30/2004 | | Copier Usage | 48.90 | |
| 11/30/2005 | | Copier Usage | 139.70 | |
| | | Subtotal | | 188.60 |

| | | | | |
|---|---|---|---|---|
| | | | | 537.54 |

**Attachment 4 (Page 1 of 1) to Exhibit 6, Page 21 of 21**